AMERICAN OIL COMPANY, et al., Appellants,

v.

George E. FISHER, Appellee.

No. A14–82–298CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 4, 1983.

Otto D. Hewitt, III, Ervin A. Apffel, Jr., McLeod, Alexander, Powel & Apffel, Galveston, for appellants.

Gordon E. Davenport, Jr., Brown, Todd, Hagood & Davenport, Alvin, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

American Oil Company appeals from a judgment entered on the jury's verdict in

an action for personal injuries sustained by George E. Fisher, when he inhaled sulphuric acid fumes released on the company's premises. We affirm.

On August 8, 1978, George Fisher was working as a heavy equipment operator for Steel Tank, a contractor working at the Amoco plant. On this date, C.L. Lee, an operator in Alkylization Unit No. 2, was in charge of monitoring a pump which was attached to a tank containing acid and hydrocarbons. Lee left the pump running while he answered a personal phone call in the control room of the unit, allowing hydrocarbons to be drawn off with the acid in the tank, resulting in a release of sulfuric acid vapors into the atmosphere. Fisher inhaled these fumes for approximately thirty-five to forty minutes, resulting in his injuries. The case was tried to a jury, judgment was entered against Amoco, and Fisher recovered $625,825. Appellant filed a motion for new trial and for remittitur. The trial court suggested, and appellee acquiesced to, a remittitur of $250,000. American Oil Company appeals this judgment; appellee Fisher asserts two cross-points.

In points of error one and two, appellant contends there was no evidence or, in the alternative, insufficient evidence to support the jury's answer to Special Issue No. 2. Special Issue No. 2 inquired of the jury:

Do you find from a preponderance of the evidence that at the time of the occurrence in question C.R. Lee was engaged in the service of Amoco Oil Company and in furtherance of its business?

The jury answered yes.

When addressing a no evidence point of error, this Court is required to consider only the evidence and reasonable inferences therefrom which supports the finding, and then in its most favorable light. *Schaefer v. Texas Employers' Insurance Association,* 612 S.W.2d 199 (Tex. 1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). In considering an insufficiency point, it is the Court's duty to consider and weigh all the evidence in the record to determine if it supports the judgment.

*Burnett v. Motyka,* 610 S.W.2d 735 (Tex. 1980); *In re Kings Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

It is a longstanding rule in Texas that, in order to hold a master liable for the acts of his servant, the act must have been committed (1) within the scope of the general authority of the servant; (2) in furtherance of the master's business; and (3) for the accomplishment of the object for which the servant is employed. *Robertson Tank Lines, Inc. v. Van Cleave,* 468 S.W.2d 354 (Tex.1971). It is undisputed that C.R. Lee was working the 4:00 p.m. to 12:00 a.m. shift on August 8, 1978, and his job that evening was to monitor the tanks from which acid was being pumped, and to pump the acid down to the desired level, without pumping out the hydrocarbons. Lee testified that he had switched the pump on that evening, but failed to turn off the pump when it reached the designated acid level. At that time, he was in the control room of the alkylization unit talking on the telephone to his girlfriend.

We find the evidence sufficient to support the jury's response to Special Issue No. 2. Employee Lee was on the premises of his employer, Amoco, was working his assigned shift, and was working under the supervision of the process shift foreman on duty, however relaxed such supervision may have been. Lee was entrusted with the job of operating a pump as instructed, in furtherance of his employer's business. His negligence in failing to properly monitor the acid level in Amoco's tank, and shut off the pump when required clearly occurred within the course and scope of his employment. We overrule points of error one and two.

In point of error three, appellant argues the trial court erred in refusing to submit its issue on "deviation" from the course and scope of employment as Special Issue No. 2, in lieu of the special issue actually submitted. We find the trial court fairly submitted the controlling issue raised by the pleadings and evidence. The case will not be reversed because of the trial

court's failure to submit other and various phases or different shades of the same issue. *Prudential Insurance Company of America v. Tate,* 162 Tex. 369, 347 S.W.2d 556 (1961); *City of Amarillo v. Reid,* 510 S.W.2d 624 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.); *American Transfer and Storage Company v. Reichley,* 560 S.W.2d 196 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.).

In point of error four, appellant contends the trial court erred in excluding from evidence plaintiff-appellee's petition in a prior lawsuit. Appellant read into the record for impeachment purposes deposition testimony of George Fisher, taken on April 17, 1978, in connection with a lawsuit appellee had previously filed against Marathon Oil Company. This testimony was admitted without objection. Appellant then tried to introduce the original petition from appellee's suit against Marathon, which appellant objected to as being immaterial, irrelevant, and not a judicial admission. The trial court sustained this objection. Appellee tried later to introduce the same petition, and an objection was lodged that a proper predicate had not been laid for its introduction for impeachment purposes. The trial court also sustained this objection. Appellant claims the court's failure to admit the original petition was harmful error.

■ Without reaching the merits of appellant's claim regarding the admissibility of such evidence, we do not believe the error, if any, was such that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment. In our opinion, the original petition of appellee against Marathon Oil Company was cumulative of appellee's deposition testimony which was admitted into evidence without objection. It is not reversible error to exclude evidence where substantially the same evidence was admitted during trial without objection. *Bolin Oil Company v. Staples,* 496 S.W.2d 167 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.); *Best Steel Buildings, Inc. v. Hardin,* 553 S.W.2d 122 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.).

In his fifth and six points of error, appellant contends the damages awarded by the trial court were clearly excessive, and the $250,000 remittitur authorized is insufficient. The sum of $250,000 resulted from remittiturs of $175,000 from the future medical award of $200,000, and $75,000 from the general damages award. Appellee asserts by cross-point that the remittitur suggested by the court was clearly excessive, allowing the trial court to substitute its judgment for that of the jury.

■ A trial or appellate court may exercise its sound judicial judgment and discretion to determine what amount would be reasonable compensation for an injury sustained, treat the balance as excess, and authorize a remittitur. *Flanigan v. Carswell,* 159 Tex. 598, 324 S.W.2d 835, 840 (1959). *Wilson v. Freeman,* 108 Tex. 121, 185 S.W. 993, 994 (1916). The appellate court should allow the trial court's action in authorizing a remittitur to stand, unless it believes such remittitur, when considered in light of the whole record, is manifestly unjust. *Flanigan v. Carswell, supra.* After reviewing the record under the appropriate standards, we have concluded that the trial court did not err in authorizing such remittitur, and find no additional remittitur necessary. We overrule both parties' contentions.

In point of error seven, appellant argues the trial court erred in entering judgment for appellee because the cumulative effect of the trial court's errors resulted in the rendition of an improper judgment. We find no merit in this contention. Appellant lists the following errors: (1) failure to submit its requested special issue; (2) no evidence or insufficient evidence to support the jury's answer to Special Issue No. 2; (3) failure to grant appellant's motion for new trial; (4) trial court's failure to suggest sufficient remittitur; (5) failure to admit a critical exhibit.

■ With the exception of our finding, in point of error four, that the court's error, if any, in failing to admit appellant's exhibit was harmless, we found no error in the

other matters. Nor do we feel that a trial court's error in failing to award judgment to a defendant because of insufficient evidence to support a special issue, failure to grant a new trial, or failure to authorize sufficient remittitur are matters that fall within the parameters of cumulative error by the trial court for purposes of reversal. We overrule point of error seven.

In view of our holding in this case, we find it unnecessary to address appellee's second cross-point.

We affirm the judgment of the trial court.