**PARR GOLF, INC., Appellant,**

v.

**CITY OF CEDAR HILL, Appellee.**

**No. 05–85–01167–CV.**

Court of Appeals of Texas,
Dallas.

Aug. 5, 1986.

David Parramore, pro se.

Henry Stollenwerck, Dallas, for appellee.

Before WHITHAM, HOWELL and STEWART, JJ.

HOWELL, Justice.

David Parramore, proprietor of Parr Golf, Inc., appeals from a summary judgment rendered in favor of the City of Cedar Hill. We hold that the City is not entitled to summary judgment. Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

Parramore alleged that he suffered shock, emotional distress, and nausea when he was "confronted with the overwhelming sight and odor of raw sewage" flooding his property. He stated that the noxious flow resulted from the condition of the City's sewer, which had become clogged and had backed up through Parramore's plumbing.

The City's motion for summary judgment stated that the claim was barred by sovereign immunity and that Parramore had not suffered any kind of compensable injury. The trial court did not specify which ground he relied upon in rendering summary judgment. We conclude that neither will suffice.

█ The operation and maintenance of a sanitary sewer is a governmental function. *Callaway v. City of Odessa*, 602 S.W.2d 330, 333 (Tex.App.—El Paso 1980, no writ). Thus, the City enjoys sovereign immunity with respect to sewers except to the extent that the Tort Claims Act waives that immunity. TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.001–101.109 (formerly TEX. REV.CIV.STAT. 6252-19). Section 101.021 provides that a governmental unit is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."

█ It is evident that Parramore's complaint is with the operation and maintenance of the sewer, a condition or use of tangible personal or real property. Mental anguish is a personal injury within the Act's meaning. *Mokry v. University of Texas Health Science Center*, 529 S.W.2d 802, 804–805 (Tex.Civ.App.—Dallas 1975,

writ ref'd n.r.e.). Parramore's claim falls squarely within the waiver of sovereign immunity. The City may not employ the doctrine as a basis for summary judgment.

 We further find that the summary judgment proof failed to establish Parramore did not suffer a compensable injury. This court has ruled that in a simple negligence case proof of physical injury is necessary to sustain an award of damages for mental anguish. *Air Florida Inc. v. Zondler,* 683 S.W.2d 769, 773 (Tex.App.—Dallas 1984, no writ). In *Moore v. Lillebo,* 29 Tex.S.Ct.J. 513 (1986), the supreme court held that proof of physical injury need not be shown to recover for mental anguish suffered by wrongful death beneficiaries where death is caused by simple negligence. *Id.* at 514. We need not decide whether the holding of *Moore* extends beyond the wrongful death context. By deposition Parramore testified that he became nauseous when confronted with effluent on his property. Later he suffered a loss of sleep and his high blood pressure was aggravated. We hold that Parramore sufficiently stated facts to raise an issue as to whether he suffered sufficient physical injuries in order to justify an award for mental anguish. *See Cavitt v. Jettson's Greenway Plaza Cafeteria,* 563 S.W.2d 319 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ).