**BROWN & ROOT, INC., Appellant,**

v.

**CITY OF CITIES MUNICIPAL UTILITY DISTRICT, Appellee.**

**No. 01–85–01050–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 28, 1986.

Rehearing Denied Nov. 20, 1986.

Reagan W. Simpson, W. Mark Lanier, Fulbright & Jaworski, Houston, for appellant.

J. Ron Young, Mark W. Brooks, Rowe & Young, Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from the trial court's refusal to grant Brown & Root's motion to set aside a summary judgment. The appellant asserts one ground of error alleging that material fact issues exist and that the motion to set aside the summary judgment should have been granted.

Two families, plaintiffs in the trial court, purchased homes in a subdivision located in the appellee's utility district. Thereafter, their homes allegedly became uninhabitable because of foundation problems. Since they were unable to obtain any satisfaction from their numerous complaints, they sued the developer of the subdivision, the appellee utility district, the engineer who designed a drainage culvert, and Brown & Root, who was the general contractor on the installation of the drainage culvert. The plaintiffs alleged that the drainage culvert was improperly designed and installed in a manner which caused subsidence and resulted in foundation problems.

The plaintiffs alleged that they suffered property damage, "mental anxiety" and "mental pain and suffering" due to the condition of their homes. They asserted two grounds of recovery, negligence and implied warranty.

The appellee moved for summary an interlocutory judgment on the basis that it was a governmental agency and was, therefore, immune from liability under the doctrine of sovereign immunity. The record before this court reflects that there was no opposition to the appellee's motion for judgment. The trial court granted the appellee's motion on May 24, 1982. This left Brown & Root, the engineer, and the developer defending the Plaintiffs suit.

Approximately three years later, in April, 1985, Brown & Root moved to set aside the interlocutory summary judgment. It claimed that the appellee was exercising a governmental proprietary function, that the appellee could be liable to the plaintiffs under the Texas Tort Claims Act, and that a fact issue existed regarding the appellee's liability to the plaintiff.

The court denied Brown & Root's motion and in its order noted that Brown & Root was attempting to set aside the summary judgment by asserting a cross-action against the appellee. Thereafter, the court granted the appellee's motion to sever itself from the original lawsuit filed by the plaintiffs, which action made the interlocutory judgment a final judgment.

The Texas Tort Claims Act was enacted by the legislature in 1970. The statute provided for the waiver of governmental immunity in three general areas: the use of publicly owned automobiles, premises defects, and injuries arising out of conditions or uses of property. *Lowe v. Texas Tech University*, 540 S.W.2d 297, 298 (Tex. 1976). Since there was no publicly owned automobile involved and no original premises defects when the plaintiffs purchased the property, the only basis for Brown & Root's cross-claim would have been for injuries to the plaintiffs arising out of conditions or uses of property.

Brown & Root relies upon the allegations of negligence made in the plaintiffs' petition as a basis of its cause of action. The plaintiffs alleged that the appellee was negligent as follows:

A. In failing to design the culvert such that damages would not result to the abutting property.

B. In failing to cause the culvert to be installed in such manner that damages would not result to the abutting property.

C. In failing to maintain the culvert so that damages would not result to the abutting property.

D. In installing the culvert immediately abutting lots upon which Defendant knew that houses would probably be built in close proximity to the back line of the property, and above the portions of the lots which were excavated and filled in the installation of the culvert.

E. In failing to assure that the culvert, the excavation for the culvert and the existing drainage ditch were properly backfilled and the soils properly compacted to support the houses to be constructed on the lots.

As heretofore stated, Brown & Root's sole basis for asking this court to reverse the trial court is that the original plaintiffs asserted a cause of action against the appellee that qualifies as an exception to the doctrine of governmental immunity and that the appellee may be held liable for any personal injuries suffered by the plaintiffs. Brown & Root contends that the plaintiffs sought mental anguish damages as part of their recovery; that such relief constitutes a personal injury under the Texas Tort Claims Act; and that the appellee is, therefore, subjected to liability.

The appellee responds by stating that the plaintiffs' allegations do not fall within any exception to its governmental immunity. It asserts that the plaintiffs have alleged no personal injury but only mental anguish which requires proof of a physical injury before a recovery is available.

We first consider the appellee's contention that the original plaintiffs' allegations

do not fall within any exception to its governmental immunity. The parties in the instant case agree that the appellee was organized pursuant to statutory authority and is a state governmental agency. There is also no dispute that if the appellee is to be held liable under the Act, the 1973 amendment providing that the government may be held liable for property damages is not applicable. *See DeAnda v. County of El Paso*, 581 S.W.2d 795, 796 (Tex.Civ.App. —El Paso 1979, no writ). At the time made the basis of the instant suit, the Act provided, in relevant part, that:

Sec. 3. Each unit of government in the state shall be liable for money damages for personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment, other than motor-driven equipment used in connection with the operation of floodgates or water release equipment by river authorities created under the laws of this state, under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state.

Tex. Tort Claims Act, ch. 50, § 3, 1973 Tex.Gen.Laws 77, *repealed by* Act of Sept. 1, 1985, ch. 959, § 9, 1985 Tex.Gen.Laws 7043, 7219.

■ The Texas Supreme Court has stated that the words "some condition," as used in the Act, require an allegation of defective or inadequate property when "some condition" of property is a contributing factor to the injury. *Salcedo v. El Paso Hospital District*, 659 S.W.2d 30, 32 (Tex.1983). On the other hand, "use" has been defined as "to put or bring into action or service; to employ for or apply to a

given purpose." *Id.* at 33. To state a cause of action, an allegation of defective or inadequate tangible property is not necessary if "some use" of the property, rather than "some condition" of the property, is alleged to be a contributing factor to the injury. *Id.* at 32.

■ In the instant case, the plaintiffs' allegations satisfy the waiver of immunity provision to the extent that the plaintiffs alleged that the appellee's negligence proximately caused their damages by the manner in which the culvert was designed, installed, and used.

■ The next question is whether the plaintiffs' allegations, if true, qualify as personal injuries within the meaning of the Act. As heretofore mentioned, Brown & Root relies on the allegations in the plaintiffs' petition. As a basis for their damages, the plaintiffs pled in various portions of their petition "anxiety and mental pain," "shame," and "frustrations." The Texas Supreme Court has recently defined mental anguish as "emotional pain, torment, and suffering." *Moore v. Lillebo*, 722 S.W.2d 683, 688, (1986). Although the phrases used in the plaintiff's petition were not identical to the terms used in the Supreme Court's definition of mental anguish, we hold that the phrases used by the plaintiffs to describe their damages are sufficient to be encompassed in the Supreme Court's definition of "mental anguish."

The remaining question is whether a plaintiff may recover damages for mental anguish without proof of a physical injury resulting from the mental anguish, or a physical manifestation of mental anguish. A majority of the States, including Texas, generally require proof of one of these elements. *Id.* at 684. However, the Texas Supreme Court noted in *Moore* that Texas courts have recognized exceptions to the general rule. *See e.g., Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 630 (Tex.1967). As stated in *Moore*, "these exceptions have involved cases of intentional

torts, gross negligence, or a willful and wanton disregard for another's rights." *Moore*, 722 S.W.2d at 685. The Court then enumerated examples of cases where damages were awarded for mental anguish as an exception to the general rule: i.e., "wrongful dishonor of checks upon a showing of malicious intent;" "willful and unwarranted invasion of privacy;" "assault and battery;" "negligently delivered death message;" and "mishandling of a corpse." *Id.* (citations omitted).

The exceptions to the general rule appear to recognize that mental anguish is self-evident in the nature of certain acts, and proof of physical injury is neither necessary nor required.

In the instant case, the plaintiffs alleged that a culvert which the appellees had installed was negligently designed, installed, and maintained. They stated that the culvert was in close proximity to or under their houses and that because of the design, engineering, installation and maintenance, the culvert did not function properly and caused itself and their homes to subside. They further alleged that such subsidence caused heavy damage to the foundations of their homes, the interior and exterior walls, the fireplaces, the frame work and supporting structures, the patios and supporting columns, and the windows and other portions of their houses. They asserted that because of such conditions, their homes were probably not susceptible to repair, and were rendered a total loss, and could render them uninhabitable.

The plaintiffs further alleged that in August, 1979, small cracks in the sheetrock in the rear interior of their homes started appearing. They attempted to repair the damage, but the repairs would not hold, and additional interior damages continued to appear and to worsen. Thereafter, they made numerous complaints, to no avail, until July 1981, when the present suit was filed.

Based on these allegations, we hold that the plaintiffs have raised the issue of mental anguish which, if proven, would fall within the recognized exception to the general rule requiring proof of a physical injury resulting from mental anguish, or a physical manifestation of mental anguish. This precludes the granting of a summary judgment.

The appellant's ground of error is sustained and the judgment of the trial court is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.