**Adeline LIKES, Appellant,**

v.

**The CITY OF TYLER, Appellee.**

**No. 12–93–00273–CV.**

Court of Appeals of Texas, Tyler.

July 7, 1995.

Rehearing Overruled Aug. 25, 1995.

Willis Jarrel, Jr., Tyler, for appellant.

Gregory Grajczvk, Longview, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HADDEN, Justice.

Adeline Likes ("Likes") appeals from a summary judgment rendered in favor of The City of Tyler ("the City"). In her first of six points of error, she alleges that disputed material fact issues exist and that the trial court erred in granting the City's motion for summary judgment. We will reverse and remand.

According to the summary judgment evidence, Likes' home is located on Dobbs Street, in the first block west of Broadway in the City of Tyler. She conducts an interior decorating business out of her home. An open drainage channel, described by Likes as a creek, traverses from west to east across her property, and serves the Azalea District watershed of Tyler. Her home is partially built over the channel. East of Likes' property, the channel flows under the intersection of Broadway and Dobbs through storm sewers or culverts owned by the City. The channel continues on into another drainage channel, or creek, on the east side of Broadway.

In the early morning hours of April 5, 1986, the City experienced a heavy rainfall, and the channel across Likes' property overflowed. Flood waters and debris entered her home unimpeded. Decorating materials and furnishings belonging to Likes and her customers suffered irreparable water damage and had to be replaced. Significant damage also occurred to the structure and interior of the building. Personal property, including pictures of her children, her parents, her grandparents, and family letters, correspondence, records, and documents, were also destroyed. As a result of the flooding and the damage that occurred, she alleged that she suffered mental anguish for a considerable time thereafter.

Likes filed suit against the City alleging, *inter alia,* negligence in the maintenance of the storm sewers under Broadway and Dobbs streets which caused water to back up on her property. She sought recovery for personal injury damages resulting from this negligence. The City filed a motion for summary judgment alleging, among other defenses, that Likes' claim was barred by sovereign immunity, and that she had not suffered any kind of compensable injury. The trial court granted the City's summary judgment.

In her first point of error, Likes contends that the trial court erred in granting summary judgment since her claim falls within the statutory waivers of governmental immunity, and since disputed material issues exist regarding negligence of the City and her damages.

■ We will first address the sovereign immunity question. While engaged in the governmental function of maintaining its sewer system, the City enjoys sovereign immunity for its negligent acts, except to the extent that the TEXAS TORT CLAIMS ACT waives that immunity. *Parr Golf, Inc. v. City of Cedar Hill,* 718 S.W.2d 46, 47 (Tex. App.—Dallas 1986, no writ). THE TEXAS TORT CLAIMS ACT provides as follows:

A governmental unit in the state is liable for:

(1) property damage, personal injury and death proximately caused by the wrongful act or omission or the negligence of any employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE § 101.021 (Vernon 1985) (hereinafter "the ACT").

■ The record discloses that no claim is being made by Likes that her damages arose from the operation or the use of a motor driven vehicle or motor driven equipment. *See* TEX.CIV.PRAC. & REM.CODE § 101.021(1) (Vernon 1985). However, Likes' complaint

does address the operation and maintenance of the drainage channel and culvert belonging to the City, a condition or use of real property; therefore, the waiver described in Section 101.021(2) could apply to Likes' claim. If Likes' "mental anguish" is a "personal injury" under Texas law, the governmental immunity waiver under Section 101.021(2) of the ACT is applicable.

■ Mental anguish is a personal injury within the meaning of the TEXAS TORT CLAIMS ACT. *Mokry v. Univ. of Texas Health Science Ctr.,* 529 S.W.2d 802, 804–05 (Tex.Civ. App.—Dallas 1975, writ ref'd n.r.e.). Generally, before awarding mental anguish damages, the majority of states, including Texas, require proof of a physical injury resulting from mental anguish or a physical manifestation of mental anguish. *Moore v. Lillebo,* 722 S.W.2d 683 (Tex.1986). However, the Texas Supreme Court noted in *Moore* that Texas courts have recognized exceptions to the general rule, and that these exceptions have involved cases of intentional torts, gross negligence, or a willful and wanton disregard for another's rights. *Id.* at 685. The court then enumerated further examples of cases where damages were awarded for mental anguish as an exception to the general rule, *i.e.,* "wrongful dishonor of checks upon a showing of malicious intent; willful and unwarranted invasion of privacy; assault and battery; negligently delivered death message; and mishandling of a corpse." *See Brown & Root, Inc. v. City of Cities Mun. Ut.,* 721 S.W.2d 881, 885 (Tex.App.—Houston [1st Dist.] 1986, no writ) (*on reh'g*), quoting *Moore v. Lillebo.* The reason for the exceptions appears to be that the nature of the tort assures that the claimants will suffer mental injury. Therefore, there is no need to require proof of physical manifestation of the mental injury. *Billings v. Atkinson,* 489 S.W.2d 858, 861 (Tex.1973). Each of the decisions cited in *Moore* for this proposition rejected arguments that proof of physical injury should be required.

The City argues that Likes' claim does not fall within the statutory waivers described in the ACT since she is simply seeking to recover for the annoyance and discomfort suffered by the impairment of the use and enjoyment of her property, and that such claim involves property damages only. The City relies upon the holding in *Callaway v. City of Odessa,* 602 S.W.2d 330 (Tex.Civ.App.—El Paso 1980, no writ), as its primary authority. In *Callaway,* the City of Odessa had a sewer line which backed up, causing damages to the home of the plaintiffs. *Id.* 602 S.W.2d at 332. There, the court simply held that the "annoyance and discomfort" of plaintiffs involved property damage only and did not rise to the level of compensable mental anguish. *Id.* at 334. More recent Texas cases, however, have included in the exception mental anguish which has resulted from wrongful damage to one's property. *Brown & Root, Inc.,* 721 S.W.2d at 881 (*negligent maintenance of a culvert caused heavy damage to foundations of homes, as well as interior and exterior walls, rendering homes to be a total loss and uninhabitable*); *Parr Golf, Inc.,* 718 S.W.2d at 46 (*negligent maintenance of sewer system resulting in flooding of property*); *Shade v. City of Dallas,* 819 S.W.2d 578 (Tex.App.—Dallas 1991, no writ) (*negligent maintenance of sewer system resulting in flooding of a home*).

■ The City cautions that "mental anguish" should not be used as a repository for all demands for damages. *See Boyles v. Kerr,* 855 S.W.2d 593 (Tex.1993). The *dissent* in *Moore* also points out that the physical manifestation requirement serves to prevent fraud and assures that the emotional injury reaches a compensable level, that mere sorrow, anger, worry, or fear have not been, and should not be, compensable, that our society has neither the financial nor judicial resources to allow recovery for ordinary grief and sorrow, and that with a physical manifestation requirement, at least the emotional injury must be severe enough to manifest itself in objective physical symptoms. *Moore,* 722 S.W.2d at 689 (*Spears, J., dissenting opinion on rehear.*). However, we conclude that *Brown & Root, Inc., Shade,* and *Parr Golf, Inc.* have broadened the exception to the general rule to allow recovery for mental anguish arising from damage caused to one's home, personal possessions, or business without proof of physical injury or a physical manifestation of mental an-

guish. As in those cases, Likes' mental anguish is self-evident in the nature of her experience on April 5, 1986. We hold that Likes' claim falls within the waiver of sovereign immunity set forth in Section 101.021(2) of the ACT, and that, as a matter of law, the City may not employ the doctrine described in *Callaway* as a basis for summary judgment.

It should be further noted that the City did not move for summary judgment upon the basis that Likes suffered no mental anguish damages. Rather, the City claims that the ACT constitutes a full shield to any and all liability, and that Likes is not entitled to recover any damages. Likes argues that the City has not met the burden set forth in *Nixon v. Mr. Property Management, Co.,* 690 S.W.2d 546 (Tex.1985), since mental anguish is not raised in the City's motion. Nevertheless, we will address the question of whether the City has met its summary judgment burden.

The rules to be followed by an appellate court in reviewing a summary judgment set forth by the Supreme Court in *Nixon* are as follows:

(1) The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

(2) In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in its favor.

*Nixon,* 690 S.W.2d at 548–49.

The question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). A summary judgment for the defendant disposing of the entire case

is proper only if, as a matter of law, the plaintiff cannot succeed upon *any* theory pleaded. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). When a defendant moves for summary judgment based on an affirmative defense such as sovereign immunity, the burden is to prove conclusively all elements of the affirmative defense as a matter of law so that there is no issue of material fact. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

In the instant case, the summary judgment evidence includes the deposition testimony of Ronald Fix ("Fix"), a civil engineer with a major in hydrology. Fix states that the City did not properly maintain either the culvert at Broadway and Dobbs or the channel across the Likes property, and that obstruction of the culverts was the cause of the flooding of Likes' property. He testified that he passed by the area almost every week and noticed that the channel always had debris, sand, and other deposits in it. He said that trees of significant size were growing in the channel which blocked the passage of water and that this blockage significantly reduced the capacity of the culvert and raised the water level upstream. This was prior to the April 5, 1986 flooding. Fix's testimony was controverted by the affidavit of City Engineer, David Reed, who stated that the culvert and storm sewers were cleaned out and maintained at all times. Clearly, this contradictory evidence demonstrates that a disputed material fact issue exists regarding the negligence of the City.

Further, the summary judgment evidence includes proof of mental anguish which raises a material fact issue of personal injury damages suffered as a result of the flooding of her home. The City presented no controverting summary judgment proof except its argument that Likes' claim is actually for property damages and not personal injuries. Therefore, it appears that the summary judgment proof failed to establish as a matter of law that Likes did not suffer a compensable injury, and further fails to establish the absence of negligence by the City. Likes' first point of error is *sustained.*

We do not deem it necessary to address the remaining issues raised by Likes on ap-

peal. Upon remand, all issues will again be before the trial court. The summary judgment is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.