**Harold DAVIS, et ux Patricia Ann Davis, Appellants,**

v.

**CITY OF PALESTINE, Appellee.**

No. 12–95–00180–CV.

Court of Appeals of Texas, Tyler.

Aug. 27, 1997.

Rehearing Overruled Oct. 22, 1997.

James C. Boone, Jr., Palestine, for appellants.

Charles T. Jeremiah, Houston, for appellee.

HOLCOMB, Justice.

Harold Davis and Patricia Ann Davis ("Davis") sued the City of Palestine ("the City") pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 101.001 *et seq.*, commonly known as the Texas Tort Claims Act ("the Act"), for damages to their business property. They also alleged an unconstitutional taking of that property. The trial court rendered summary judgment in favor of the City. On appeal, Davis contends that summary judgment was improper because he stated a cause of action under the Act, sovereign immunity did not protect the City, and the City failed to meet its summary judgment burden by establishing that no genuine issue of material fact existed as to all of the elements of its affirmative defenses or at least one element of each of Davis' causes of action. We **reverse** and **remand** for further trial court proceedings.

By way of his Second Amended Petition, Davis alleged that the City installed tin culverts in the Wells Creek arm of its storm drainage system in 1970. That same year, a 50 × 84 building was built on top of that

drainage system. Davis rented and then purchased the building, utilizing it as an automotive and hardware business. He asserted that in 1991, the defective condition of the culverts caused the foundation of Davis' building to crack, crumble and twist, rendering the building unfit for the operation of his business. He argued that the City was negligent in failing to inspect the storm drainage system, in failing to repair the dangerous condition in the storm drainage system, and in failing to maintain the support to his premises. Davis asked for compensation for property damage and loss of profits, as well as mental anguish and pain. He also alleged that the damage to his property constituted an uncompensated taking, in violation of Art. I, § 17 of the TEXAS CONSTITUTION.

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.R.CIV.P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *Cate*, 790 S.W.2d at 562; *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990). We must, therefore, view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great American*, 391 S.W.2d at 47.

When a defendant moves for summary judgment based upon an affirmative defense, it bears the burden to expressly present and conclusively prove all elements of the affirmative defense as a matter of law so that no genuine issue of material fact exists. *Mont-*

*gomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). The movant-defendant must come forward with summary judgment evidence with respect to each element of the affirmative defense. *Id.* Unless the movant conclusively establishes the affirmative defense, the non-movant plaintiff has no burden in response to a summary judgment motion filed on the basis of an affirmative defense. *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 437 (Tex.App.—Austin 1987, writ ref'd n.r.e.).

■ When the trial court does not state the specific grounds on which the summary judgment was granted, the reviewing court must consider whether any theories set forth in the motion will support a summary judgment. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993). Summary judgment must be affirmed if any of the theories advanced are meritorious. *Id.*

In the instant case, the trial court did not specify upon what basis it granted judgment for the City. Consequently, we must address and evaluate every theory set forth in the governmental entity's motion to determine if summary judgment was proper. The City's theories were as follows: 1) the City neither owed nor breached a duty; 2) the City has sovereign immunity for its construction or installation of the tin culverts prior to 1970; 3) governmental immunity bars Davis' claims; 5) Davis complains of an Act of God; 6) qualified immunity of City officials preserve the City's sovereign immunity; 7) the statute of limitations and statutory notice provisions bar Davis' claims; and 8) any inverse condemnation or takings claim fails as a matter of law.

■ Davis, in his second point of error, argues that summary judgment was not proper upon the basis that his claim under the Act was precluded by § 101.061, which states that a governmental entity has sovereign immunity for claims based on acts or omissions that occurred before January 1, 1970. TEX.CIV.PRAC. & REM.CODE ANN. § 101.061 (Vernon 1986); *see also Barron v. Texas Dep't of Transp.*, 880 S.W.2d 300, 302 (Tex.App.—Waco 1994, writ denied). And in his sixth point of error, he argues that it was error for the court to grant judgment upon failure to satisfy statutory notice provisions

or failure to file suit within the limitations period. This summary judgment argument was also based upon the City's position that the negligence, if any, occurred before January 1, 1970. In its Motion for Summary Judgment, the City offered the affidavit of Tom Thorsen, building official for the City. Thorsen testified that to his knowledge, the culverts were installed before 1970. He also stated that he was employed by the City for eighteen years, which would place his employment date many years after 1970. In his response to the City's motion, Davis testified that the culverts were not installed until 1970, and that he knew this to be true because he personally saw the unfinished drainage system in May of 1970. We hold that the City failed to establish that there was no fact issue as to the date the City installed the culverts. We sustain points of error two and six.

Davis argues, in his third point of error, that the trial court erred in granting summary judgment because his claim did not fall within the limited waiver of immunity defined by the Texas Legislature. We must therefore analyze the concept of sovereign immunity and apply it to the instant case.

■ Sovereign immunity means that governmental entities may not be sued in tort, and governmental entities are protected from vicarious liability for the tortious acts of their agents or employees acting in the scope of their employment. The doctrine of sovereign immunity, however, does not apply to a municipality's performance of a "proprietary" rather than a "governmental" function. As a result, under the common-law, a municipality can be held liable in tort for injuries or damages resulting from the performance of a "proprietary function." *See Hodge v. Lower Colo. River Auth.*, 163 S.W.2d 855, 856 (Tex. Civ.App.—Austin 1942, writ dism'd by agr.). Although storm sewers were formerly classified as a proprietary function under Texas common law, and therefore not protected by sovereign immunity, they are now statutorily classified as a governmental function. TEX. CIV.PRAC. & REM.CODE ANN. § 101.0215 (Vernon Supp.1988); *Dalon v. City of DeSoto*, 852 S.W.2d 530, 537 (Tex.App.—Dallas 1992, writ denied). As a governmental function, drain-age systems are protected by sovereign immunity unless, upon further analysis of the Act, that immunity has been waived. *McKinney v. City of Gainesville*, 814 S.W.2d 862, 865 (Tex.App.—Fort Worth 1991, no writ). A claim must arise from one of the following exceptions for the City to waive its immunity in regards to storm drainage systems:

A governmental unit in the state is liable for:

(1) property damage, personal injury and death proximately caused by the wrongful act or omission or the negligence of any employee acting within the scope of employment if:

   (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

   (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986). To state a cause of action under the Act, Davis' pleadings must allege facts showing that the governmental entity's negligence was the proximate cause of his injuries and that the negligent conduct involved the use or condition of tangible personal or real property. *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 33 (Tex.1983); *Washington v. City of Houston*, 874 S.W.2d 791, 795 (Tex.App.—Texarkana 1994, no writ). To allege a claim involving the "condition" of property, it is sufficient to allege that defective or inadequate property contributed to the injury. *Salcedo*, 659 S.W.2d at 31–2. And "use" has been defined as "to put or bring into action or service; to employ for or apply to a given purpose." *Id.* at 33.

■ In his petition, Davis alleged that the damage to his property was caused by the City's failure to inspect the drainage system and culverts, its failure to repair them, and

its failure to maintain the support to his premises. Davis' allegations satisfy the waiver of immunity provision in that he complained of the City's negligence in the manner in which it "used" the drainage system and culverts, as well as the "condition" of those objects. We note that although Davis' claims are clearly within the purview of section 101.021(2), the City failed to offer any summary judgment proof to dispute Davis' charge.

The City *did* argue that because Davis failed to allege personal injury, which is the only type of damages allowed under subsection (2), he could not recover under this provision. We observe, though, that Davis plead mental anguish damages in his petition. The question, then, is whether mental anguish caused by damage to one's property qualifies as "personal injury" under the Act. We earlier addressed this issue in *Likes v. City of Tyler*, 910 S.W.2d 525 (Tex.App.—Tyler 1995, writ granted). In *Likes,* we held that alleged mental anguish caused by damage to business property could establish requisite personal injury, even absent proof of physical injury or physical manifestations of mental anguish. *Id.* at 528–29; *see also Brown & Root v. City of Cities Mun. Util.,* 721 S.W.2d 881, 884 (Tex.App.—Houston [1st Dist.] 1986, no writ); *Parr Golf, Inc. v. City of Cedar Hill,* 718 S.W.2d 46, 47–8 (Tex. App.—Dallas 1986, no writ). The City failed, however, to offer any summary judgment evidence to establish that there was no genuine issue as to Davis' mental anguish damages. This issue, therefore, fails to support judgment for the City.

The City next argued in its Motion for Summary Judgment that Davis' allegations involved discretionary acts which are exempted from the waiver of sovereign immunity. We agree that governmental units are immune from liability for the exercise of discretionary powers. The Act does not apply to or waive sovereign immunity for tort claims based on either:

1) The failure of a governmental unit to perform an act that the unit is not required by law to perform; or

2) A governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.056 (Vernon 1986). The City argued that the design, placement and safety features of a culvert are matters of discretion which fall under section 101.056 of the Act. *Maxwell v. Tex. Dep't of Transp.,* 880 S.W.2d 461, 464 (Tex.App.—Austin 1994, writ denied). This holding, however, is not dispositive of the instant case. Davis did not complain about the design, placement or safety features of the culverts. He complained that the City failed to maintain and repair the culverts. We, therefore, must do our own analysis of the nature of the City's acts.

The Supreme Court has given us guidance in determining what is discretionary and what is ministerial, as follows: "If an action involves personal deliberation, decision and judgment, it is discretionary; actions which require obedience to orders of the performance of a duty to which the actor has no choice, are ministerial." *City of Lancaster,* 883 S.W.2d at 654 (*citing Wyse v. Dep't of Pub. Safety,* 733 S.W.2d 224, 227 (Tex.App.—Waco 1986, writ ref'd n.r.e.)). This standard is easier stated than applied, however. Because of the difficulty in distinguishing between discretionary and ministerial functions, as most duties do involve some discretion, a number of courts have adopted the design/maintenance test. This test requires the application of the exception, and the preclusion of claims, only when the claims are based upon governmental decisions at the "design level," instead of at the "maintenance level." *See City of Watauga v. Taylor,* 752 S.W.2d 199, 202–204 (Tex.App.—Fort Worth 1988, no writ); *Burnett v. Tex. Highway Dep't,* 694 S.W.2d 210, 212 (Tex.App.—Eastland 1985, writ ref'd n.r.e.); *Stanford v. State Dep't of Highways,* 635 S.W.2d 581, 582 (Tex. App.—Dallas 1982, writ ref'd n.r.e.). For example, in *City of Watauga,* 752 S.W.2d at 204, the court held that the government could be held liable under, and the discretionary function exception did not affect, a

claim for "failing to maintain" a drainage ditch.

■ Applying the design/maintenance test to the instant case is easily done. In his petition, Davis did not attack the design of the culverts and drainage system. He did, however, allege negligence in the maintenance and repair of that system. Consequently, those negligent acts of the City, if any, are not immune under the Act's discretionary exemption.

■ In its last attempt to assert sovereign immunity, the City argued in its Motion for Summary Judgment, that because its employees were protected by immunity, the City could not be held liable for its employees' negligence. We agree that a governmental unit is not liable under the "condition or use of property" provision if the employee on whose acts the government's liability is based has official immunity with respect to those acts. *DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex.1995). The City asserted that its employees were entitled to official immunity because they were performing their (1) discretionary duty (2) in good faith (3) while acting within the scope of their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). The question, then, is whether the City established that there was no genuine issue of material fact in regards to these three elements. In its Motion, the City opined that "[w]hile the Plaintiffs name no Defendants in this lawsuit, other than the City of Palestine, the individual employees and officials of the City of Palestine would be entitled to qualified immunity for any and all discretionary acts which they have carried out in good faith." The City's conclusory statement was not summary judgment proof, however, of the elements of its affirmative defense. It did offer the affidavit of Tom Thorsen, in which the building official stated, "In connection with the enforcement of building codes and design of the sewer and drainage systems, Mr. Bob Follett, Public Works Director, and myself have carried out our duties in good faith and in conjunction with other city officials in determining how the needs of the citizens of Palestine could be best met in a prudent and efficient manner." We hold that this statement does not establish the lack of genuine issues as to "discretionary duty" and "within the scope of authority." As the summary judgment evidence failed to establish the City's employees' entitlement to official immunity, it was an improper ground upon which to grant judgment for the City.

Because the City failed to establish its affirmative defense of sovereign immunity as a matter of law, we sustain points of error three and five.

■ Another issue upon which the City sought summary judgment was Davis' alleged pleading that his damages were caused by an "act of God." In Davis' Second Amended Original Petition, he stated the following:

> "In August, 1991, a heavy rainfall occurred in Anderson County, Texas. Although no flooding occurred, the City's storm drainage system, including the Wells Creek arm was heavily taxed. Shortly after the rains in August, 1991, the foundation of Plaintiffs' building cracked, crumbled and twisted, rendering...Plaintiffs' building unfit for the operation of Plaintiffs' business."

Davis, in his point of error seven, asserts that this recital was no more than a fact statement, and that he was not alleging that the rain caused the damage to his building. We agree, since his pleadings contain specific allegations of negligence against the City. We sustain Davis' seventh point of error.

■ In his Second Amended Petition, Davis asserted an additional cause of action against the City. He alleged that the destruction of his business premises constituted an uncompensated taking in violation of the TEXAS CONSTITUTION. A party must bring suit on a taking cause of action pursuant to TEX. CONST. art. I, § 17, which provides that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made ..." Cities are not immune from actions brought under the Constitution, so we are not required to determine if sovereign immunity applies. *See State v. Biggar*, 848 S.W.2d 291, 294–95 (Tex.App.—Austin 1993), *aff'd.*, 873 S.W.2d 11 (Tex.1994); *Bragg v. City of Dallas*, 605 S.W.2d 669, 671 (Tex.Civ.App.—

Dallas 1980). The elements of a constitutional taking are: 1) the governmental unit intentionally performed certain acts; 2) the acts resulted in a taking or damaging of the property; and 3) the taking was for public use. *City of Abilene v. Smithwick,* 721 S.W.2d 949, 951 (Tex.Civ.App.—Eastland 1986, writ ref'd n.r.e.). The City offered no summary judgment evidence as to the issue of "public use," but we note that courts have found "public use" when private land was used for the diversion of surface waters,[1] when plaintiffs' property was flooded as a result of a drainage project,[2] and when the overflow water from a dam used for water supply caused damage to land.[3] And the City does not question that Davis suffered property damage. The definitive question, then, is whether Davis' claim is barred as a matter of law because he pleaded that the City's actions in regards to the drainage system were negligent, rather than intentional, in order to bring them under the aegis of the Act. We note that Davis pleaded the constitutional taking "in the alternative."[4] Specifically, he alleged that the conduct of the City described earlier in the petition "amount[ed] to a taking, damaging or destruction of Plaintiffs property for public use without compensation prohibited by Art. I, § 17 of the TEXAS CONSTITUTION." He enumerated all of the elements of a taking except for intent. There's no doubt that the pleading was inartful in this regard. A special exception rather than a motion for summary judgment would have been the correct vehicle for calling this defect to the notice of the court, however. The City did file special exceptions, but failed to except to the complained-of allegations. In the absence of a special exception, the plaintiff's petition is liberally construed in favor of the pleading party. *Roark v. Allen,* 633 S.W.2d 804, 809 (Tex.1982). The court will look to the intention of the pleading party and uphold the petition even if some element of the plaintiff's cause of action has not been specifically alleged. *Gulf, Colo. & Santa Fe Ry. Co. v. Bliss,* 368 S.W.2d 594, 599 (Tex.1963). Every fact that can reasonably be inferred from what has been specifically stated will be so inferred. *Roark,* 633 S.W.2d at 809. Moreover, in the absence of a special exception, defects of form or of substance are waived. TEX.R.CIV.P. 90.

The City, in its Appellee's brief, asserts that the court properly granted judgment on the "takings" claim because it was barred by limitations. In perusing its Motion for Summary Judgment, however, we do not find that the City articulated this basis for judgment. Granting a motion for summary judgment on grounds not addressed in the motion is reversible error. TEX.R.CIV.P. 166a(c); *Mafrige v. Ross,* 866 S.W.2d 590, 591 (Tex.1994). We therefore hold that summary judgment for the City on the claim of a constitutional taking was not proper. Point of error four is sustained.

In his first point of error, Davis contends that the trial court erred in granting summary judgment based upon no duty or no breach of duty. We agree that the City owes no duty unless it is performing a proprietary function, it is performing a governmental function in violation of TEX.CIV.PRAC. & REM. CODE ANN. § 101.021 (Vernon 1986), or if its action constitutes a "taking" under TEX. CONST. art. I, § 17. As we pointed out earlier in this opinion the City, as a matter of law, was not engaged in a proprietary function in maintaining the culverts. And storm drainage systems are governmental in nature, which are immune from suit unless the Act waives immunity. The City failed, however, to establish that the Act did not waive sovereign immunity for failing to maintain the culverts, or that its actions didn't amount to a "taking" under the TEXAS CONSTITUTION. The City also failed to establish that it did not breach the duties imposed by the Act or

1. *Soule v. Galveston County,* 246 S.W.2d 491 (Tex.Civ.App.—Galveston 1951, writ ref'd).

2. *City of Perryton v. Huston,* 454 S.W.2d 435 (Tex.Civ.App.—Eastland 1970, writ ref'd).

3. *City of Waco v. Rook,* 55 S.W.2d 649 (Tex.Civ. App.—Waco 1932, writ dism'd).

4. A plaintiff may set forth two or more statements of a claim alternatively or hypothetically. TEX.R.CIV.P. 48; *Marshall v. Garcia,* 514 S.W.2d 513, 517 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.).

the Constitution. Point of error one is sustained.

As there were no grounds upon which the trial court could properly grant summary judgment for the City, we **reverse** and **remand** for further trial court proceedings.