## STRICKLAND v. CITY OF ODESSA.

### No. 5012.

Court of Civil Appeals of Texas.

El Paso.

April 28, 1954.

Shelby H. Blaydes, Connell Ashley, Hart Johnson, Ft. Stockton, for appellant.

Walter H. Acreman, Asst. City Atty., Melvern G. McDonald, City Atty., Odessa, for appellee.

FRASER, Justice.

Mrs. Marybelle Strickland, a widow, as plaintiff, brought this suit against the City of Odessa, Texas, as defendant, to recover damages for the death of her husband, Jack Strickland, deceased, who died in a room known as "the tank" in the City Jail of Odessa, Texas, as the result of injuries inflicted upon him by other persons who were also confined in "the tank". Plaintiff alleged that "the tank" was a concrete room in the basement of the City Jail in which all classes of prisoners were confined together, that they had no supervision whatsoever by city officers, and that it was extremely dangerous to the physical welfare of prisoners to so confine them in "the tank", all of which was well known to the City Council of the City of Odessa, Texas, long prior to the death of plaintiff's husband, and consequently that the City of Odessa, in using said tank to confine prisoners, maintained and operated a nuisance, which caused the death of plaintiff's hus-

band. The defendant City of Odessa filed an answer and in special exception number one of said answer asserted that the plaintiff could not maintain her suit because the maintenance and operation of "the tank" in the city jail was a govermental function for which the City could, under no circumstances, be liable to plaintiff. The trial court sustained such special exception and this appeal by the plaintiff resulted.

There is, of course, only one point of error urged by appellant and that is her contention that the trial court erred in sustaining defendant's special exception. Appellant maintains that "the tank" in which appellant's husband was killed constituted a nuisance as maintained by the city, and therefore the City of Odessa was liable for the death of Mr. Strickland.

■ It has been well established in this state that a municipal corporation is ordinarily not liable for injuries resulting from the performance of governmental functions, and there seems to be no controversy here that the city was performing a governmental function and not engaged in a proprietary activity. Appellant alleges that the city is nevertheless liable because it had created a nuisance and permitted the nuisance to endure in spite of complaints and that such action created liability on the part of the city.

It is, however, only too clear that the jail containing "the tank" was not by virtue of its construction necessarily a nuisance. Appellant describes the construction of the tank, pointing out that it is below the surface of the ground; that its walls are concrete and that it has only one door which is constructed of solid iron; also that there is no bed or bedding, furniture or commode, there being only a small drain in the concrete floor. Also that it was impossible to see into the tank from the outside without opening the iron door, and very difficult to hear any noise from the room. It was also pointed out in appellant's petition that no officer was left in charge or in a position to oversee any activity or disturbance within the tank, thus creating a picture of individuals placed in this room and left un-attended until the next morning. The appellant's husband had been placed there early in the evening, and some little time later the two individuals who were charged with his death were also brought in and confined.

■ Deplorable as this condition would seem to be, we nevertheless are forced to the conclusion that the City of Odessa is not liable. Taking all the allegations of plaintiff's petition as true, it is still inescapable that the construction of the tank itself, even for its intended use, did not necessarily constitute a nuisance, but that the harm resulting was clearly caused by the neglect and negligence of the servants of the City of Odessa while engaged in the performance of a governmental function. We do not find an affirmative act on the part of the city that could be construed as constituting a nuisance. There was nothing in the construction of the tank that could be considered as an unlawful invasion of the rights of others, as for example in contrast to the two preceding statements, the City of Fort Worth, City of Fort Worth v. Wiggins, Tex.Com.App., 5 S.W.2d 761, had placed a dangerous bear in an inadequate cage in a public place. This matter has been discussed in a case of similar background in the state of Missouri, where the decedent was killed in a fire occurring in a city jail, Brown v. City of Craig, 350 Mo. 836, 168 S.W.2d 1080, 1082. The court there pointed out:

> " * * * That to constitute a nuisance 'there must * * * be a degree of danger (likely to result in damage) inherent in the thing itself, beyond that arising from mere failure to exercise ordinary care in its use.' "

It does not seem to us that there is anything inherently dangerous in the tank itself. Since the city was not liable for the negligence of its servants in performing a governmental function, and because the death of appellant's husband here appears to have resulted from a beating administered by fellow prisoners, there can be no liability attaching to the city, as appellant has not alleged facts that indicate that the

tank was such an inherently dangerous thing as could be regarded in law as a nuisance. The only affirmative acts by the city were the construction of the tank and the subsequent placing of the deceased therein. The fault of the city, if any, was in failing to oversee and supervise the prisoners. Presley v. City of Odessa, Tex. Civ.App., 263 S.W.2d 293; Baker v. City of Waco, Tex.Civ.App., 129 S.W.2d 499; Burchett v. City of Stanton, Tex.Civ.App., 262 S.W.2d 952; Vanderford v. Houston, Tex.Civ.App., 286 S.W. 568; Stinnett v. City of Sherman, Tex.Civ.App., 43 S.W. 847; Brown v. City of Craig, 350 Mo. 836, 168 S.W.2d 1080; Pearson v. Kansas City, 331 Mo. 885, 55 S.W.2d 485.

We therefore hold that the trial court was correct in sustaining defendant's exception to plaintiff's petition, and the decision of the trial court is accordingly affirmed.