Richard DE ANDA, Appellant,

v.

COUNTY OF EL PASO, Appellee.

No. 6789.

Court of Civil Appeals of Texas,
El Paso.

May 16, 1979.

Edelmira Navarro, El Paso, for appellant.

George N. Rodriguez, Jr., County Atty., Michael P. Davis, Albert A. Biel, Jr., Asst. County Attys., El Paso, for appellee.

## OPINION

WARD, Justice.

This is an appeal from a take nothing summary judgment rendered against the Plaintiff, Richard De Anda, in his suit against the Defendant, County of El Paso. The Plaintiff sued for property damages caused to his truck when it fell into a drainage ditch that crossed the County road where a bridge had been torn up by the County, and no warnings or barricades had been displayed. The sole question presented is whether property damage alone can be recovered here under the Texas Tort Claims Act, Article 6252–19 (Supp. 1978–1979). We affirm.

Plaintiff alleged that he was driving on an El Paso County road when his truck fell into a drainage ditch which had been dug up by County employees where it crossed the road, the road being rendered impassable. He alleged that the accident was a result of the negligence of the County's employees in failing to warn the Plaintiff of this condition, in failing to place barricades across the road, and in failing to place warning lights at the location; and that the negligence was a proximate cause of the accident. The Plaintiff limited his recovery to damages to his truck. The County's pleadings and motion for summary judgment claimed non-waiver of governmental immunity to the property damage claim. The summary judgment proof consisted of the Plaintiff's affidavit which detailed the event and stated that the accident occurred in the evening when it was getting dark.

Under a general point complaining of the summary judgment, the Plaintiff recognizes that Section 3 of the Texas Tort Claims Act waives immunity and creates liability in three general areas: use of public owned vehicles, premise defects and injuries arising out of conditions or use of property. *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976). He further recognizes that the Act as originally passed in 1970 specifically waived sovereign immunity in an action seeking money damages arising from personal injuries or death; and that it wasn't until the Act was amended in 1973 that the governmental unit could be liable for money damages for property damages or personal injury or death caused by the negligence of an employee arising from the use of a motor-driven vehicle. In this case, there is no question but that the first part of the Act regarding motor-driven vehicles or equipment does not apply. His argument is simply that this is a special defects case, and that where special defects are involved, property damage can be recovered. He relies on Section 14(12) of the Act entitled "Exemptions" which states: "[T]his section shall not apply to the duty to warn of special defects such as excavations or roadway obstructions;" and on Section 18(b) of the Act under "Exclusions" which provides that the limitation of duty relating to premise defects "shall not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads or streets . . . ." See *County of Harris v. Eaton*, 573 S.W.2d 177 (Tex.1978), and *City of Houston v. Jean*, 517 S.W.2d 596 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e). Plaintiff therefore concludes that the legislature intended to make the government unit liable for all damages in special defects cases; that, construing the Act generally in the liberal manner as directed by Section 13 thereof, Section 14(12) and Section 18(b) create an ambiguity as far as property damage is concerned and should be construed favorably to the Plaintiff to permit his recovery.

We reject the argument. Section 3 is the liability creating provision of the Act, and it makes government units liable

for property damage only when caused by the negligent acts of State employees in their operation of motor-driven vehicles. The Defendant's immunity has not been waived in cases involving conditions of real property where the claim is for property damage only. Sections 14(12) and 18(b) do not expand this limited liability for property damage created in Section 3. The point is overruled.

The judgment of the trial Court is affirmed.