Weldon **CALLAWAY** et ux., **Appellants**

v.

**CITY OF ODESSA, Appellee.**

No. 6913.

Court of Civil Appeals of Texas, El Paso.

June 11, 1980.

Rehearing Denied July 9, 1980.

Law Offices of Bill Alexander, Cynthia Clack, Odessa, for appellants.

Shafer, Gilliland, Davis, McCollum & Ashley, Inc., James M. O'Leary, Odessa, for appellee.

## OPINION

WARD, Justice.

The Plaintiffs sued the City of Odessa for damages resulting from the backup and overflow of sewage into their home. Trial was to a jury, which answered all the jury issues submitted in favor of the Plaintiffs. The Court then granted the City's motion for judgment non obstante veredicto under Rule 301, Tex.R.Civ.P., and a take nothing judgment was entered. The grounds in the motion, and the issues on appeal, present contentions of no evidence to support the jury findings, the defense of governmental immunity, the effect of the Texas Tort Claims Act, the City's defense against the alleged creation of a nuisance, and the two-year statute of limitations. We affirm.

The Plaintiffs, Weldon and Billie Callaway, purchased their home in Odessa in 1967. The City sewer line involved was in the alley behind the home, and had been maintained by the City as a part of its sewer system since that time. The Plaintiffs first encountered problems with the backup of the sewer about three or four years after moving into their home. They continued to have intermittent problems thereafter, most of which were of a minor nature, and repeatedly complained to the City. On June 26, 1978, they suffered a backup which caused damage to one of their bathrooms, and the City was again notified. Two days later, on June 28, 1979, a major backup occurred during the night, and the entire home was flooded with two or three inches of sewage. This resulted in considerable property damage to the home, and annoyance and discomfort to the Plaintiffs. Plaintiffs then brought suit against the City alleging, among other things, that the City was negligent in improperly maintaining the City's sewer line, that the City had created a nuisance which constituted a taking of their property, and they prayed for their damages. The City's answer alleged, among other things, that the City was immune to the suit as the operation of the sewer system was a governmental function, that it was still protected by the Texas Tort Claims Act, and that the claim was barred by the two-year statute of limitations.

By their answers to the issues submitting the Plaintiffs' theory of negligence, the jury, among other things, determined that (1) the City improperly maintained the City sewer line on or about June 28, 1978; (3) that such improper maintenance was negligence; and (4) that such negligence was a proximate cause of the Plaintiffs' damages. By their answers to the issues on the Plaintiffs' theory of nuisance, the jury determined (5) that the City was in exclusive control of the City's sewer line in question on or about June 28, 1978; (6) that the City allowed the City's sewer line to get out of repair on or about June 28, 1978; (7) that the City allowed the City sewer line in question to become a nuisance by the manner in which it was used; (9) that the City failed to abate the nuisance; (10) that the Plaintiffs suffered damages as a proximate [cause] of the nuisance; and (11) that August 22, 1976, was the beginning date on which the condition of the City sewer line began constituting a nuisance. By its answer to the damage issue 12, the jury determined that there was no permanent damage to the Plaintiffs' property; that the repair and replacement costs to various items was $5,107.44; and that the Plaintiffs suffered damages for annoyance and discomfort in the amount of $10,000.00.

■ In its motion for judgment non obstante veredicto, the City attacked the legal sufficiency of the evidence supporting the jury findings to special issues 1 through 11. Since the trial Court granted the motion, the Plaintiffs' first point is that the Court was in error, as each of the findings to those issues was supported by legally sufficient evidence.. The City concedes the point, with the exception that it is not to affect its defenses raised by its subsequent reply points. For all practical purposes, this means that the City contests the finding that the sewer line ever became a nuisance. As later discussed, the City asserts that the evidence in the case was legally insufficient to justify any finding of nuisance under our present law. Since we will agree with that nuisance argument, we sustain the Plaintiffs' first point as to the jury findings, except for special issue number 7 and the subsequent ones insofar as they refer to the finding of nuisance. We also sustain the Plaintiffs' fourth point, and hold that the Plaintiffs' alleged cause of action on nuisance was not barred by the two-year statute of limitations. The jury determined by its uncontested findings that the nuisance began on August 22, 1976. The action complained of was in the nature of one of a continuing series of events, and it occurred within two years of the date the suit was filed, and damages were limited to that occurrence.

The Plaintiffs' evidence was to the effect that there was an obstruction of some sort in the City sewer which lay in the alley at a

point some 93 feet down the alley; that a broken piece of the sewer pipe caused the obstruction; and that the City's maintenance or failure to maintain the defect had existed long enough for it to be a nuisance. This brings us to the real problem facing the Plaintiffs.

■■■ A municipality, such as Odessa, is immune from liability for negligence in the performance of governmental functions, except as may be otherwise provided by the Tort Claims Act, Art. 6252–19, Tex.Rev.Civ. Stat.Ann. It is also well settled that the maintenance and operation of a sanitary sewer system by a city is a governmental function. *City of Texarkana v. Taylor*, 490 S.W.2d 191 (Tex.Civ.App.—Texarkana 1972, writ ref'd n. r. e.). Further, a municipality, although otherwise immune from liability, loses that immunity if the danger which caused the harm becomes a nuisance. *City of Houston v. George*, 479 S.W.2d 257 (Tex. 1972).

■■ Our Plaintiffs recognize these principles, but insist that they can recover under the nuisance theory. But, here again, they are barred by the established policy in this State. One approach of the courts has been to consider a private nuisance as merely meaning a term characterizing the damages done or the interest invaded, and that negligence is the real basis for the action and liability. This reasoning applies to the facts before us.

* * * Texas courts are committed to a legal doctrine that a municipality in Texas is immune from liability for negligence in the performance of a governmental function and that operation of a sanitary sewer system is performance of a governmental function. When it is considered that private nuisance is merely a term characterizing the damage done, it is apparent that the judgments here under review were of necessity rendered on the theory that damage was caused and inflicted by the negligence of the City. Nuisance is the term for the kind of damage inflicted; negligence causation is the gravamen of the actions brought by the appellees and the basis of liability.

Fundamentally, the suits seek to compel the City to respond in damages for its negligence. The conclusion cannot be escaped that negligence, not some other fault, is the causative reason alleged and proved for the respective appellees' damage and the suits must be recognized for what they are, negligence actions, and treated as such. The City's governmental immunity to such actions shields it from liability. * * *

The above is from the leading case of *City of Texarkana v. Taylor*, supra, at 193. This was followed in *Rowe v. City of Temple*, 510 S.W.2d 173 (Tex.Civ.App.—Beaumont 1974, no writ).

The other approach has been made by this Court, and that is to hold that, before a city can be liable for creating or maintaining a nuisance, there must be something inherently dangerous in the very thing or condition claimed to be the nuisance, and must be beyond that arising from negligence in its use or maintenance. One of those cases arose where the plaintiffs brought suit against the city for damages resulting when their home was damaged from sewage backing up from the municipal sewer system. *Steele v. City of El Paso*, 417 S.W.2d 923 (Tex.Civ.App.—El Paso 1967, writ ref'd n. r. e.). See also: *Strickland v. City of Odessa*, 268 S.W.2d 722 (Tex. Civ.App.—El Paso 1954, no writ); *Parson v. Texas City*, 259 S.W.2d 333 (Tex.Civ.App.— Fort Worth 1953, writ ref'd).

The Plaintiffs also try to argue around the governmental immunity defense by pointing to certain evidence that indicated some rain water entered the system and hence the system was used in a proprietary function of the government. We disagree, as the sanitary sewer system and the storm sewer of the City were separate and distinct, although on occasions some rain water did get into the sewer system through holes in the manhole covers, and although the City tried to prevent that as much as possible. The Plaintiffs' Points of Error 2 and 5 are overruled.

Finally, by Point of Error 3, the Plaintiffs attempt to avoid a part of the immunity defense by resorting to the Texas Tort Claims Act. The Act provides for waiver in three general areas: (1) use of publicly owned vehicles; (2) premises defects; and (3) injuries arising out of the condition or use of tangible property. *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976). Since the Plaintiffs rely on the waiver of injuries arising out of the condition or use of tangible property, they admit that on this theory property damages cannot be recovered. *DeAnda v. County of El Paso*, 581 S.W.2d 795 (Tex.Civ.App.—El Paso 1979, no writ). Thus, the award by the jury of $5,107.44 for items of repair and replacement, being damages to property, cannot stand. However, damages for personal injury are recoverable, if the claim arises from the use of other tangible property. *Steele v. City of Houston*, 577 S.W.2d 372 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ granted); Nations, *Statutory Damages Recovery: Texas Tort Claims Act*, 18 S.Tex.L.J. 297 (1976). The issue is thus narrowed to the contention of the Plaintiffs that they are entitled to recover the $10,000.00 award the jury made for the following element of damage:

> Annoyance and discomfort suffered by the Plaintiffs for the impairment of the use and enjoyment of their property.

Mrs. Callaway testified that she became very nervous as a result of the sewer backups, and was so upset that she had to move from the house. The Plaintiffs rely on *Mokry v. University of Texas Health Science Center at Dallas*, 529 S.W.2d 802 (Tex. Civ.App.—Dallas 1975, writ ref'd n. r. e.), where the Court held that the personal injury requirement of the Act was met where the plaintiff alleged mental suffering in the absence of physical harm because he suffered mental anguish, headaches and nervousness when his eyeball was lost after it had been surgically removed and was in the process of being tested for possible cancer. That case relied upon extreme examples where there was a severe mental injury or a physical injury caused by an emotional trauma. We hold that the annoyance and discomfort suffered by the Plaintiffs for the impairment of the use and enjoyment of their property in this case involves property damages, and is not covered by the Texas Tort Claims Act. See: *Vestal v. Gulf Oil Corp.*, 235 S.W.2d 440 (Tex.1951); *Lacy Feed Company v. Parrish*, 517 S.W.2d 845 (Tex.Civ.App.—Waco 1974, writ ref'd n. r. e.); *Neuhoff Brothers Packers, Inc. v. McCauley*, 411 S.W.2d 944 (Tex.Civ.App.—Waco 1967, no writ). At best, the jury award was for mental anguish alone under circumstances where those damages cannot be recovered. *Duncan v. Ford*, 23 Tex.Sup. Ct.J. 34 (May 31, 1980) at 379. Plaintiffs' third point is overruled.

The judgment of the trial Court is affirmed.