**Esme J. HOLLAND, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV. A. H–98–4137.**

United States District Court, S.D. Texas, Houston Division.

April 25, 2000.

788

Thomas E. Redding and Teresa J. Womack, Redding & Associates, Houston, TX, for Plaintiff.

Michael D. Powell, United States Department of Justice, Tax Division, Dallas, TX, for Defendant.

## ORDER

HITTNER, District Judge.

Pending before the Court is the Motion for Summary Judgment filed by Defendant, United States of America, and the Motion for Summary Judgment filed by Plaintiff, Esme J. Holland. Having considered the motions, submissions on file, and the applicable law, the Court determines that the motion for summary judgment filed by Defendant should be granted and the motion for summary judgment filed by Plaintiff should be denied.

## BACKGROUND

This is a tax refund case. In 1989, Defendant Phillips 66 Company ("Phillips") entered into a sales and exchange contract with certain property owners to purchase a particular parcel of property (the "Holland Bannister Property") next to one of its commercial operations. The sales and exchange contract provided that Phillips would give the Holland Bannister Property owners $4,200,000.00 and 450 acres in Fayette County, Texas in exchange for the Holland Bannister property. At the time of the exchange, the Holland Bannister Property was valued at

$666,000.00 and the Fayette County property was valued at $600,000.00. The deal closed in 1990. Plaintiff Esme J. Holland ("Holland") received approximately one-third of the $4,200,000.00 through the William M. Holland Testamentary Trust (the "Trust").

On October 15, 1991, Holland filed a U.S. Individual Income Tax Return (Form 1040) for the year 1990. She reported a net Schedule E income of $1,078,572.00, which produced a tax liability of $315,033.00. On November 18, 1991, the Internal Revenue Service ("IRS") assessed the income tax liability shown on the return, plus penalties and interest.

On October 15, 1994, Holland filed an Amended U.S. Individual Income Tax Return (Form 1040X) for the year 1990. Due to Holland's recalculations, she requested a tax refund of $305,108.00. Holland claimed that the money she received through the Trust was to compensate her for the relinquishment of certain personal tort rights against Phillips and was thus not taxable as income pursuant to 26 U.S.C. § 104(a). The applicable release in the sales and exchange contract provided, in entirety:

## XI.

### *RELEASE*

As part of the consideration for this agreement and EXPRESSLY SUBJECT TO THE EXECUTION AND CONSUMMATION HEREOF AND THE EXCEPTIONS HEREAFTER SET FORTH, Sellers release and forever discharge Phillips, its successors and assigns, and the officers, employees and agents of all of them of and from any and all claims and causes of action which the undersigned Sellers, and each of them, have against Phillips, its officers, employees and agents, on account of or arising out of any emission release, pollution, property damage, noise, or disruption connected with the refinery operation conducted by Phillips as mentioned in paragraph VII. i. hereof, but only as the release in this paragraph relates to the annoyance, inconvenience, and unsightliness caused by any such emission release, pollution, property damage, noise, or disruption; PROVIDED, HOWEVER, AND NOT WITHSTANDING ANYTHING TO THE CONTRARY HEREIN, (1) Sellers do not release Phillips, or its successors and assignees to any extent, from, and Sellers expressly reserve and do not waive, any and all past, present, and future claims, causes of action, and liabilities of any and all kinds whatsoever, based on, because of, or arising out of or to arise out of personal injuries or damage to Sellers' bodies or health, including but not limited to, all rights to recover for pain and suffering, both mental and physical, loss of wages, income or earning capacity, medical expenses, death, loss of consortium, grief, or any other recovery which may be associated with such type of claim or liability; and (2) nothing in this paragraph XI shall ever be construed as (I) in any way limiting, diminishing or releasing the indemnity given by Phillips in paragraph VII. i. hereof or (ii) preventing Sellers from obtaining relief or recovery of any kind whatsoever against Phillips for any claim or cause of action brought or asserted by any third party, as a result of any such emission, release, pollution, property damage, noise or disruption connected with the refinery operation.

The IRS denied Holland's claim for a refund, arguing that the money received from the Trust was to compensate Holland for the relinquishment of certain property rights against Phillips, and therefore properly taxable as income pursuant to 26 U.S.C. § 61(a). Holland filed the instant suit against Defendant United States of America (the "Government") for her refund on December 10, 1998. Both parties have filed motions for summary judgment contending that each is entitled to judgment as a matter of law.

## LAW & ANALYSIS

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also State Farm Life Ins. Co. v. Gutterman,* 896 F.2d 116, 118 (5th Cir. 1990). Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Celotex,* 477 U.S., at 323, 106 S.Ct. 2548. The burden then shifts to the non-movant to establish the existence of material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–7, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Industries, Inc.,* 5 F.3d 955, 956 (5th Cir.1993) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

■ Section 61(a) of the Internal Revenue Code provides that "[e]xcept as otherwise provided in this subtitle, gross income means all income from whatever source derived, ...." 26 U.S.C. § 61(a) (West 1994). In other words, there is a presumption that income is taxable unless it is specifically excluded by the Internal Reve-

nue Code. *See Commissioner v. Glenshaw Glass, Co.,* 348 U.S. 426, 430, 75 S.Ct. 473, 99 L.Ed. 483 (1955) (citations omitted). "[E]xclusions from income must be narrowly construed." *Commissioner v. Schleier,* 515 U.S. 323, 328, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995) (citation omitted). Thus, in the instant case, Holland's income from the Trust is presumed to be includable in her gross income unless it is specifically excluded by some narrowly construed section of the Internal Revenue Code.

■ Section 104(a)(2) of the Internal Revenue Code provides, in pertinent part:

(a) In General.—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include—

(2) the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness;

26 U.S.C. § 104(a)(2) (West 1994). The applicable regulation to § 104(a)(2) is § 1.104–1(c) of the Treasury Regulations, which provides:

(c) Damages received on account of personal injuries or sickness.—Section 104(a)(2) excludes form gross income the amount of any damages received (whether by suit or agreement) on account of personal injuries or sickness. The term "damages received (whether by suit or agreement)" means an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution.

26 C.F.R. § 1.104–1(c). The United States Supreme Court interpreted § 104(a)(2) and its accompanying regulation as establishing "two independent requirements that a taxpayer must meet before a recovery may be excluded under § 104(a)(2)[:]"

(1) the taxpayer must demonstrate that the underlying cause of action giving rise to the recovery is "based upon tort or tort type rights"; and

(2) the taxpayer must show that the damages were received "on account of personal injuries or sickness."

*Schleier*, 515 U.S. at 336–37, 115 S.Ct. 2159. The foregoing test also applies to monies received through a settlement. *See Id.*

In her motion for summary judgment, Holland asserts that she is entitled to a tax refund on the grounds that the proceeds she received through the Trust were "for a release of claims for personal injury against Phillips 66 Company . . . ." Holland contends that as such, the payment satisfies the two part *Schleier* test and is therefore excludable from income pursuant to § 104(a)(2) of the Internal Revenue Code. The Government counters in its motion for summary judgment that the proceeds Holland received through the Trust were to compensate her for "the loss of use or enjoyment of land [which] is an injury to property." Thus, the payment does not fall within the purview of § 104(a)(2) and is taxable under § 61(a). The Court must therefore apply the undisputed facts to the *Schleier* test.

■ The parties agree that Holland's sole tort or tort type right articulated as the basis for exclusion pursuant to § 104(a)(2) is the tort of nuisance under Texas law. In Texas, a nuisance can occur in one of three ways:

(1) by physical harm to property, such as by the encroachment of a damaging substance or by the property's destruction; or

(2) by physical harm to a person on his or her property, such as by an assault on his or her senses or by other personal injury; or

(3) by emotional harm to a person from the deprivation of the enjoyment of his or her property, such as by fear, apprehension, offense, or loss of peace of mind.

*Maranatha Temple, Inc. v. Enterprise Products Co.*, 893 S.W.2d 92, 99 (Tex. App.—Houston [1st Dist.] 1994, writ denied). The first option, "physical harm to property," is not at issue in the instant case because §·104(a)(2) requires that the damages received be on account of "personal injuries," not property damage. The second option, "physical harm to a person," is not at issue because Holland expressly retained all causes of action that may arise from physical harm to the person in the Release. Thus, the money could not be in exchange for the release of such a right because Holland expressly retained the right. Holland therefore argues that Phillips's commercial operation next to the Holland Bannister Property qualified as a nuisance via the third option, "emotional harm to a person from the deprivation of the enjoyment of her property, such as by fear, apprehension, offense, or loss of peace of mind." However, her proffered evidence belies such a claim.

■ In her brief, Holland states that the Phillips operation "created foul odors and other pollution." During his deposition, William Holland, Jr., one of the Holland Bannister Property owners, testified that "[y]ou couldn't go down there [to the Holland Bannister Property] without being physically assaulted by the sounds and emissions from their [Phillips's] plant. Now, as far as I was concerned, that was what was being released." Moreover, Frank Cromer, a Phillips executive, testified in his deposition that John Bannister, another of the Holland Bannister Property owners, complained about the noise, smell, and emission releases from the Phillips commercial operation. In fact, all of the proffered evidence speaks to either noise, odors, or emission releases.

■ Noise, odors, and emission releases are assaults on the senses. *See Maranatha*, 893 S.W.2d at 99. *See also Bay Petroleum Corp. v. Crumpler*, 372 S.W.2d 318 (Tex.1963) (plaintiffs claimed noxious gases from salt dome harmed them); *City of Temple v. Mitchell*, 180 S.W.2d 959, 962

(Tex.Civ.App.—Austin 1944, no writ) (plaintiffs claimed they were nauseated by odors form the plant). In Texas, assaults on the senses under the tort of nuisance qualify as physical harm to the person, not emotional harm. *See Id.* Hence, Holland has not presented any evidence to the Court in support of her argument for nuisance via emotional harm.[1]

Holland tries to circumvent the foregoing by stating that "[t]he question is not whether the Sellers could have successfully sued Phillips for nuisance, but whether such a claim existed." However, from the evidence before the Court, a reasonable juror could only conclude that Holland's alleged nuisance arising from emotional harm never existed.

■ Moreover, a "nuisance in fact cause of action based on fear, apprehension, or other emotional reaction," as asserted by Holland, cannot lie against a defendant such as Phillips, where the alleged nuisance "results from the lawful operation of industries in Texas." *See Maranatha,* 893 S.W.2d at 100. Holland has not presented any evidence that Phillips was not simply conducting the lawful operation of industry. Holland therefore has not alleged a tort under Texas law. Further, unless the damage that would result from the alleged nuisance was "a severe mental injury or a physical injury caused by an emotional trauma," any annoyance and discomfort suffered as a result of the impairment of the use and enjoyment of property would qualify only as property damage, not emotional harm. *See Callaway et ux. v. City of Odessa,* 602 S.W.2d 330, 334 (Tex. App.—El Paso 1980, no writ). Holland has not asserted any facts that would support a finding of severe mental injury or a physical injury caused by an emotional trauma.

Holland's only asserted injury is the emotional harm that allegedly resulted from the deprivation of the use and enjoyment of the Holland Bannister Property. In support of her allegation, Holland relies solely upon the terms "annoyance" and "inconvenience" as used in the Release. Interestingly, Holland conveniently ignores the third descriptive used in the applicable clause of the Release, "unsightliness." It is hard, if not impossible, to imagine how "unsightliness" could qualify as "personal injury." Although "personal injuries or sickness" can refer to non-physical as well as physical injuries, *See Schleier,* 515 U.S. at 330, n. 4, 115 S.Ct. 2159; *United States v. Burke,* 504 U.S. 229, 235, n. 6, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992), Holland has failed to produce any evidence to support her allegation that she suffered non-physical injuries. Rather, as discussed *supra,* Holland's proffered evidence only supports a finding that the property was subject to noise, odors, and emissions, all of which qualify as physical harm to the person under Texas nuisance law. Because Holland retained all causes of action that may arise from physical harm to the person, Holland's proffered evidence in the instant case cannot be the basis for exclusion from income pursuant to § 104(a)(2) of the Internal Revenue Code. Holland has failed to establish that the money received from Phillips qualifies as excludable from income pursuant to the test enumerated in *Schleier.* Accordingly, the Court hereby

ORDERS that Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED. Plaintiff's claim is DISMISSED.

---

1. Indeed, the only evidence that might qualify as support for Holland's nuisance via emotional harm theory is the testimony that John Bannister experienced fear of developing cancer due to the emissions from Phillips. However, such testimony alone would not save Holland's claim because John Bannister's fear of cancer is the Holland Bannister Property owners' articulated reason for the retention of the rights to pursue all personal injury causes of action that may arise against Phillips as set forth in the Release. Thus, the money at issue was not in exchange for the relinquishment of such rights.