

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALFREDO CARRASCO, | § | No. 08-20-000062-CV |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | County Court At Law No. 3 |
| CITY OF EL PASO AND | § | |
| EL PASO WATER UTILITIES, | | Of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 2016-DCV-3774) |
| | § | |

# O P I N I O N

Appellant, Alfredo Carrasco, appeals the trial court's granting of Appellees' plea to the jurisdiction, which dismissed Appellant's claims with prejudice. In four issues, Appellant asserts waiver of governmental immunity contending his claims of inverse condemnation, nuisance, and negligence and/or intentional failure and refusal to take corrective action under the Takings Clause of the Texas Constitution and the Texas Tort Claims Act should not have been dismissed with prejudice.[1] We affirm.

## BACKGROUND

### *Factual Background*

---

[1] Dismissal with prejudice is proper here. The Texas Supreme Court has held such a dismissal is with prejudice because it fully and finally adjudicates whether the asserted claims fall within the Texas Tort Claims Act's waiver of governmental immunity. *See Harris County v. Sykes*, 136 S.W.3d 635, 637 (Tex. 2004).

Appellant purchased a lot and completed construction of the subject residential premises in 2012. When Appellant attempted to connect the sewer line from the home to the city's sewer main in 2013, Appellant's grinder pump burned out within 72 hours, causing backup sewage. The issue is the decline of the sewage system. Appellant's home is situated at the end of a sloping *cul-de-sac* and the sewage system downwardly slopes, requiring Appellant's sewage to gravitationally evacuate upward into the sewer main. Due to the decline of the sewage system design, Appellant's grinding pump is gravitationally unable to disperse the sewage originating from his premises to the sewer main. Moreover, Appellant's connection to the sewer main results in accumulation of sewage from the entire subdivision onto Appellant's property. Appellant has installed four grinding pumps to discharge his own sewage, but all have failed to pump upstream and have routinely burned out. As a result, Appellant has been forced to cap the sewage line to prevent the accumulation of public sewage on his property and thus, does not have access to the sewage system. Appellant has been unable to obtain a certificate of occupancy and his home is uninhabitable.

Appellant learned of the defective sewage system design in early 2013 when he was ready to obtain a certificate of occupancy and first connected to the sewer system. Appellant immediately contacted Appellees, the El Paso Water Utilities ("EPWU"), to report the problem. The sewage problems persisted, and in mid-2013, Appellant re-connected to the sewer system and his grinder pump again burned out. Appellant reported the problem to EPWU for a second time. Appellant was told the burn out of his grinder pump was his responsibility. In late 2015, Appellant again reported the problem to EPWU and was told there was nothing that could be done as it was his responsibility. In April 2016, Appellant met with EPWU employees and alleges EPWU stated they

2

were aware of his sewer problem, confirmed ownership of the main sewer line, admitted the sewer line was poorly designed, and stated a study by an engineering firm would be conducted to remedy the problem. Alleging he was never re-contacted by EPWU, Appellant met with an El Paso City Councilmember, but was told nothing could be done.

On July 6, 2016, Appellant served on EPWU and the City of El Paso ("the City"), collectively ("Appellees"), a demand letter providing Appellees notice of property damage to his premises and notice of intent to file civil action for damages and costs.

### *Procedural Background*

In October 2016, Appellant filed his original petition, request for injunctive relief, and request for disclosure against Appellees. Appellees filed its original answer—a general denial, affirmative defenses, and jury demand. Appellees then challenged the trial court's subject matter jurisdiction by filing a plea to the jurisdiction. Appellant responded to the plea to the jurisdiction and filed an amended petition to the plea.

A hearing on Appellees' plea to the jurisdiction was held. The trial court granted Appellees' plea to the jurisdiction and dismissed Appellant's claims with prejudice. This appeal followed.

### DISCUSSION

In four issues, Appellant challenges the trial court's granting of Appellees' plea to the jurisdiction, which dismissed Appellant's claims with prejudice. In Issue One, Appellant asserts waiver of governmental immunity for Appellees' governmental functions under the Texas Tort Claim Act. TEX.CIV.PRAC.&REM.CODE ANN. § 101.0215(a), (c). In Issues Two through Four, Appellant asserts claims of takings, nuisance, and negligence and/or intentional failure and refusal

3

to take correction action, all under the Takings Clause of the Texas Constitution and the Texas Tort Claim Act. TEX.CONST. art. I, § 17(a); TEX.CIV.PRAC.&REM.CODE ANN. § 101.0215.

## *Standard of Review*

When, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, we look beyond the pleadings and consider evidence submitted by the parties—which may implicate the merits of a plaintiff's cause of action—when necessary to resolve the jurisdictional issues raised. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). Evidentiary review is confined to evidence relevant to the jurisdictional issue, and our task is to determine whether a fact issue exists. *Id*.; *see Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). If the plaintiff's factual allegations are challenged with supporting evidence, in order to avoid dismissal, plaintiffs must raise a genuine issue of material fact to overcome the challenge of the trial court's subject matter jurisdiction. *Miranda*, 133 S.W.3d at 221. If the evidence creates a fact issue as to the jurisdictional issue, the trial court must deny the plea to the jurisdiction and the fact issue is left for the fact finder to resolve. *Id*. at 227-28. However, if the relevant evidence fails to raise a fact issue on the jurisdictional issue, the trial court grants the plea to the jurisdiction and rules on jurisdiction as a matter of law. *Id*. at 228 The Texas Supreme Court has acknowledged this standard mirrors that of a summary judgment under Texas Rules of Civil Procedure 166a(c).[2] *Id*. We review a trial court's ruling on a plea to the jurisdiction *de novo*. *Id*.

---

[2] Appellant urges this Court not to construe review of the plea to the jurisdiction and dismissal of his claims as a motion for summary judgment. However, prior to appeal, Appellant never objected that a plea to the jurisdiction was improper for determining whether his claims were barred. In *Guevara v. WCA Waste Corp.*, Guevara sued defendant for negligence and after asserting affirmative defenses under the TWCA, defendant filed a plea to the jurisdiction. No. 01-15-01075-CV, 2017 WL 1483320, at *1-*2 (Tex.App.—Houston [1st Dist.] Apr. 25, 2017, pet. dism'd)(mem. op.). In response to Guevara's opposition of dismissal of his claims by summary judgment treatment, the court overruled the issue given Guevara's lack of trial-level objection, and further noted, "both the parties and the trial court appear to have treated the plea as if it were such a motion . . . . The parties' filings were supported by verified affidavits and other summary-judgment evidence, and the timing of the filings, notices, and hearing conformed to the rules

4

**Governmental Immunity**

In his first issue, Appellant asserts waiver of Appellees' governmental immunity under the Texas Tort Claims Act, alleging his injuries and damages arose out of Appellees' governmental functions  TEX.CIV.PRAC.&REM.CODE ANN. § 101.0215(a), (c).

*Applicable Law*

When analyzing a cause of action brought under the Texas Tort Claims Act against a municipality, the initial determination to be made is whether the municipality's action or inaction involves a proprietary function or a governmental function. *Dalon v. City of DeSoto*, 852 S.W.2d 530, 535-36 (Tex.App.—Dallas 1992, writ denied)(*citing McKinney v. City of Gainesville*, 814 S.W.2d 862, 865 (Tex.App.—Fort Worth 1991, no writ)). Texas courts have consistently upheld the proposition that a municipality "does not waive sovereign immunity as to *property damage* unless the damage is caused by the negligent act or omission of a state employee *and* arises from the operation of motor driven equipment." *Id*. at 536 (*citing Department of Highways & Pub. Transp. v. Pruitt*, 770 S.W.2d 638, 639 (Tex.App.—Houston [14th Dist.] 1989, no writ) [Internal quotations omitted].

The three general areas in which immunity has been waived are: (1) injury caused by an employee's use of a motor-driven vehicle; (2) injury caused by a condition or use of tangible personal property; and (3) injury caused by a condition or use of real property.

---

governing summary judgments." *Id*. at *6 n.5 (*citing* TEX.R.CIV.P. 166a(c)). Likewise, Appellees' plea to the jurisdiction challenged Appellant's pleadings with affirmative defenses, providing code provisions and case law, to which Appellant responded by presenting factual and legal arguments on the merits. Construing a plea to the jurisdiction as a motion for summary judgment is a standard that allows a sovereign to "extricate itself from litigation if it is truly immune." *Miranda*, 133 S.W.3d at 228 ("Similar to the purpose of a plea to the jurisdiction, which is to defeat a cause of action for which the state has not waived sovereign immunity . . . the purpose of summary judgments in Texas is to eliminate patently unmeritorious claims and untenable defenses.")(*quoting City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n.5 (Tex. 1979))[Internal quotations omitted]. This sub-issue is overruled.

TEX.CIV.PRAC.&REM.CODE ANN. § 101.021(1), (2); *City of Houston v. Rushing*, 7 S.W.3d 909, 914 (Tex.App.—Houston [1st Dist.] 1999, pet. denied)(*citing University of Tex. Med. Branch v. Davidson*, 882 S.W.2d 83, 84 (Tex.App.—Houston [14th Dist.] 1994, no writ); *see Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 31 (Tex. 1983)(predecessor of Section 101.021 waives governmental immunity in three general areas: use of publicly owned vehicles, premise defects, and injuries arising from condition or use of property)). To hold a municipality liable pursuant to Section 101.0215, the liability must still arise out of one of the three specific areas of waiver listed above. *City of Houston*, 7 S.W.3d at 914 (*citing McKinney v. City of Gainesville*, 814 S.W.2d 862, 865 (Tex.App.—Fort Worth 1991, no writ).

### *Analysis*

The City of El Paso is a home rule municipality located in El Paso County, Texas. EPWU is the El Paso County public utility company that operates the water and sewer services of El Paso by way of the Rules and Regulations passed and approved into law by the EPWU Public Service Board. *See* EL PASO CITY CODE § 15.12.010. Appellees—the City and EPWU— are governmental units. *See* TEX.GOV'T CODE ANN. § 552.003(1)(A).

Appellant alleges his injuries arise out of the governmental functions of Appellees. Specifically, Appellant argues the governmental functions of Appellees is expressly and unequivocally waived under the Texas Tort Claims Act, Section 101.0215(a)(2)(sanitation services), (a)(6)(solid waste removal, collection, and disposal), (a)(29)(zoning, planning, and plat approval), (a)(30)(engineering functions), and (a)(32)(water and sewage service). TEX.CIV.PRAC.&REM.CODE ANN. § 101.0215(a)).

6

However, Appellant makes no effort to establish waiver of immunity based on a cause of action that falls within any of the three categories in which the City has waived governmental immunity. *See City of Houston*, 7 S.W.3d at 914 (to hold a city liable under Section 101.0215, the liability must arise out of one of the three specific areas of waiver listed in Section 101.0215). Appellees argue use and operation of a motor vehicle or motor driven equipment is a condition required for waiver of governmental immunity pursuant to Section 101.0215; *see Dalon*, 852 S.W.2d at 536 ("The maintenance of the storm sewer of which appellants complain is a governmental function. Consequently, appellee will not be liable for alleged negligence because appellants' property damage does not arise from the operation or use of a motor-driven vehicle or motor-driven equipment. Appellee is immune from any negligence related to its maintenance or operation of the storm sewer behind appellants' property.")[Internal citations omitted]. Appellant does not allege his property damage claim arises from the use and operation of a vehicle or motor-driven equipment. In fact, during the plea to the jurisdiction hearing, Appellant declared, "[t]his is not a motor-vehicle problem, motor-driven problem . . . ." Appellant furthered asserted the defective sewer main system—the crux of this suit—"has no operational movement or mechanics to it." However, case law confirms if a city's action constitutes a governmental function, the city is liable for property damage only if it "'arises from the operation or use of a motor-driven vehicle or motor-driven equipment.'" *Dalon*, 852 S.W.2d at 535 (*citing* TEX.CIV.PRAC.&REM.CODE ANN. § 101.021(1)(A)).

Appellant admit his claims do not establish waiver of immunity based on a cause of action that falls within any of the three categories in which the City has waived governmental immunity in addition to avoiding the prerequisites of Section 101.021, but only focuses on Section 101.0215.

TEX.CIV.PRAC.&REM.CODE ANN. §§ 101.021, 101.0215. In his reply brief, Appellant firmly asserts the reason for neglecting Section 101.021 from his analysis is because Section 101.0215 provides an *independent* waiver of immunity. We do not agree.

Appellant relies on *Bellnoa v. City of Austin* in support of Section 101.0215 purportedly providing an independent waiver of immunity. 894 S.W.2d 821, 826 (Tex.App.—Austin 1995, no writ). Appellant states, "It should be noted though, that even in the *Bellona* [sic] case, the Court recognized that '....the "words under this chapter" do not unequivocally provide that section 101.0215 is subject to section 101.021. . . .'" However, the precise, relevant excerpt from *Bellnoa* establishes Section 101.0215 does *not* provide an independent waiver of immunity.

> Although the words 'under this chapter' do not unequivocally provide that section 101.0215 is subject to section 101.021, neither do the words of section 101.0215 clearly and unambiguously waive sovereign immunity. Compare the language of section 101.0215 ('municipality is liable under this chapter' for the listed activities) with the language of section 101.021 ('governmental unit in the state is liable' for the following acts). . . . Because the statutory language does not clearly and unambiguously waive sovereign immunity, and in view of the stated legislative intent, *we hold that section 101.0215 is not an independent waiver of immunity*.

*Bellnoa*, 894 S.W.2d at 826 [Emphasis added]. Accordingly, Appellant's argument fails.

Furthermore, Appellees argue the City's decision not to remedy Appellant's sewer problem is a discretionary act exempt from the Tort Claims Act's limited waiver of governmental immunity. We agree. Section 101.056 states:

> This chapter does not apply to a claim based on:
>
> (1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or
>
> (2) a governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit.

TEX.CIV.PRAC.&REM.CODE ANN. § 101.056. Moreover, this provision "generally preserves immunity not only for the state's public policy decisions, but also for the state's *failure to act*, when no particular action is required by law." *Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 657 (Tex. 2007)[Emphasis added].

Appellees rely on a Texas Supreme Court decision that discusses what is known as the discretionary function exception, which emphasizes design issues are protected discretionary functions for which governmental immunity applies pursuant to Section 101.056. *Tarrant Reg'l Water Dist. v. Johnson*, 572 S.W.3d 658, 665-68 (Tex. 2019). Appellant asserts the factual issue in this case is the slope of the sewage system and the repeated failure of his grinder pump because it is forced to push upstream against sewage traveling downstream. "It's just the way it's designed[,]" argues Appellant. Vital to this contention, however, is the fact Appellees did not design the sewage system; the system was designed and installed by an independent engineering company the *prior developer* contracted with. In any case, Appellant's design argument cannot stand. The Texas Supreme Court has explicitly held design of any public work is a discretionary function protected by Section 101.056. *State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex. 1999)(per curiam), *overruled on other grounds by*, *Denton Cty. v. Beynon*, 283 S.W.3d 329 (Tex. 2009) ("Design of any public work, such as a roadway, is a discretionary function involving many policy decisions, and the governmental entity responsible may not be sued for such decisions.").

Additionally, Appellees' immunity barring Appellant's claims is further bolstered by the City's alleged *failure to perform* what constitutes a discretionary act pursuant to Section 101.056 of the Tort Claims Act. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 101.056 (stating this chapter excludes a claim based on the *failure of a governmental unit to perform* an act that the unity is not

9

required by law to perform; or a governmental unit's decision *not to perform an act or on its failure to make a decision* on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the government unit).

There is no waiver of Appellees' governmental immunity under the Texas Tort Claims Act, therefore, Appellees retain governmental immunity. Issue One is overruled.

## Takings Claim

In Issue Two, Appellant argues he has a particularized injury for a takings claim under Takings Clause of Article I, section 17 of the Texas Constitution and the Texas Tort Claims Act. We disagree.

### *Applicable Law*

The Texas Constitution provides: "No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person . . . ." TEX.CONST. art. I, § 17(a). Governmental immunity generally protects entities like the City and EPWU from suits for damages and liability. *City of Socorro v. Campos*, 510 S.W.3d 121, 126 (Tex.App.—El Paso 2016, pet. denied); *see Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004)(Governmental immunity operates like sovereign immunity and affords a similar protection to subdivisions of the State, including counties, cities, and school districts).

To plead a viable takings claim under Article I, section 14 of the Texas Constitution, Appellant must allege (1) an intentional act by the governmental entity under its lawful authority, (2) resulting in a taking or damaging of property, (3) for public use. *Harris Cty. Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 799 (Tex. 2016). Requisite intent is sufficient "when a governmental entity knows that a specific act is causing identifiable harm or knows that the harm

is substantially certain to result." *Id*. An intentional act is not enough; the governmental entity must know to a substantial certainty that the harm complained of would occur. *Campos*, 510 S.W.3d at 126. Accordingly, the Texas Supreme Court has ruled a takings claim cannot rest on mere negligent conduct. *Id*. Furthermore, a takings claim must be based on some affirmative conduct by the government; the law does not recognize takings liability for failure to act. *Kerr*, 499 S.W.3d at 800; *see AN Collision Ctr. of Addison, Inc. v. Town of Addison*, 310 S.W.3d 191, 196 (Tex.App.— Dallas 2010, no pet.)("A failure to act, including a failure to take corrective measures, is not enough to rise to the level of taking; it is merely an allegation of negligent conduct."). Last, an actionable taking must also be for a public purpose. *Campos*, 510 S.W.3d at 127.

A plaintiff must plead facts establishing a valid takings claims to invoke waiver of governmental immunity. *Id*. "Absent a pleading making out a prima facie case, the entity's immunity from suit has not been waived. A governmental entity may challenge the existence of that prima facia case through a plea to the jurisdiction." *Id*. [Internal citation omitted].

### *Analysis*

Appellant asserts the trial court had jurisdiction under Article I, section 17 of the Texas Constitution due to the City's actions and inactions alleged in his Original Petition ("Petition") and his First Amended Petition ("FAP"). Appellant claims the "identifiable harm" and the "specific property damage" in this case is his "totally uninhabitable" property, which remains uninhabitable. Appellant asserts his uninhabitable property is the result of the City knowing the public sewage system was "(a) accumulating the neighborhood's sewage waste onto [his] Premises because of EPWU's downhill sloping public sewage waste line, and (b) thereby preventing any sewage waste originating from [his] Premises from being evacuated and disbursed uphill into the

11

EPWU's public sewage system." Additionally, Appellant points to EPWU's pipeline extension and installation of a new manhole in 2018, its decision to terminate the public sewage system just 150 feet from his premises, and its decision not to replace or repair the original pipeline to prove Appellees' actual knowledge and continued failure to resolve the issue. In sum, according to Appellant, it is the poorly designed public sewage system, which remains unimproved, that constitutes an identifiable, specific harm of property damage that Appellees knew or should have known was substantially certain to result from Appellees' inaction.

Appellees argue the *Jennings* requirements of "specific act" and "intent" in causing an identifiable harm have not been satisfied by Appellant, claiming Appellant's allegation of failure to act does not give rise to a takings claim as a matter of law. *See City of Dallas v. Jennings*, 142 S.W.3d 310 (Tex. 2004). We agree.

Texas law does not recognize takings liability for failure to act. *See Harris Cty. Flood Control Dist*, 499 S.W.3d at 799. In his reply brief, Appellant states he sufficiently alleged the construction of the sewer system itself, which is owned by the City, is what caused his specific act of identifiable harm. However, relevant to the analysis here is Appellees did not design or install the sewer system at issue and did not take responsibility from the private lot owners to operate and maintain their onsite sewer system. Rather, by conveyance in 2007, the City agreed to operate and maintain the already existing sewer mains installed within the streets—*not the individual private lots*—along with the discharge pipeline from the sewer mains to the isolation valve next to each lot. The conveyance agreement states in relevant part:

> The proposed low pressure sanitary sewer collection system shall consist of privately owned grinder pump wastewater systems that shall be located within the limits of each lot. The discharge pipeline from the grinder pump to the isolation valve shall also be privately owned. EPWU will operate and maintain the

12

wastewater force main within the street right-of-way. EPWU will also maintain the 1 1/4-inch diameter discharge pipeline that extends from the force main within the street right-of-way to the isolation valve located behind the curb at each lot.

Ownership of the proposed low pressure sanitary sewer system by EPWU shall commence at the location of the isolation valve and shall include the portion of the 1 1/4-inch diameter discharge pipeline that extends from the isolation valve to the force mains as well as the force main within the street-right-of-way.

Thus, Appellees argue Appellant cannot sue for a taking based on property damages for which he assumed responsibility. We agree. Further, liability for a taking cannot be based on the "the mere intentional operation of a sewer system." *City of Arlington v. State Farm Lloyds*, 145 S.W.3d 165, 168 (Tex. 2004).

Appellees further contest liability by arguing it was Appellant's responsibility to remedy any damage caused by the sewage system. Appellees rely on Section VII of the Rules and Regulations No. 1 of the El Paso Water Utilities Public Service Board, which provides:

> *The customer shall agree to accept the elevation and location of all sewers as laid by the Utility and will, where necessary, install and operate on his own premises and at his own expense, all necessary sewage lifting equipment or backup protective devices.* Customers having drain or fixture outlets into the house connections which are at an elevation that is lower than the top of the nearest downstream sanitary sewer manhole shall protect their premises from possible backup of sewage by the installation of backflow or other devices to prevent sewage backing up and flowing out of such outlets. *Such customers agree to accept responsibility for any damages caused by a sewage backup where the customer has failed to install devices to prevent such sewage backing up and agrees to hold the City of El Paso, the Utility and/or its Public Service Board harmless for any damage caused by such a sewage backup.*

El Paso, Tex., El Paso Water Utilities Public Service Board, Rules and Regulations No. 1, § VII(E) (1999)[Emphasis added].[3] However, as pointed out in his reply brief, Appellant has installed

---

[3] Appellant objects to the consideration of Exhibits A and B, which are attached to Appellees' brief and not included in the record. Exhibit A is the Rules and Regulations No. 1 of the EPWU Public Service Board. El Paso, Tex., El Paso Water Utilities Public Service Board, Rules and Regulations No. 1, § VII(E) (1999), https://www.epwater.org/UserFiles/Servers/Server_6843404/File/AboutUs/Rules%20and%20Regulations/Rules-

devices to prevent sewage backup. Appellant has installed four grinding pumps to attempt to upwardly discharge his sewage.

Appellees nonetheless rely on *City of Arlington*, 145 S.W.3d at 168. The Texas Supreme Court has recognized that takings liability may arise when the governmental entity (1) knows a specific act is causing identifiable harm; or (2) knows that the specific property damage is substantially certain to result from an authorized government action. *Id*. (*citing Jennings*, 142 S.W.3d at 314). However, the Court held that although the "heightened intent standard is indeed necessary to support a takings claim . . . *the mere intentional operation of a sewer system is insufficient to support liability [for a takings claim]*." *Id*. Thus, pursuant to the conveyance agreement, the fact Appellees only agreed to operate and maintain the sewer mains installed within the public streets estops Appellant from establishing a taking.

Appellant has failed to establish a specific, intentional act to plead a viable takings claim that would constitute waiver of Appellees' governmental immunity. Issue Two is overruled.

## Nuisance & Negligence Claims

### A. Nuisance

In Issue Three, Appellant asserts he has a viable nuisance claim under the Texas Constitution and the Texas Tort Claims Act. We disagree.

### *Applicable Law*

---

Regs%201.pdf (last visited 4/26/2021). Exhibit B is Chapter 3.28 of the El Paso Municipaliy Code. El Paso, Tex. Municipal Code, ch. 3, § 3.28.010. (1993), https://library.municode.com/tx/el_paso/codes/code_of_ordinances?nodeId=TIT3REFI_CH3.28CLAGCI.
We do not rely on the sources as attached to Appellees' brief. Both sources are readily available and verifiable online. Thus, we take judicial notice as our reliance is on the original sources. Appellant's objection is overruled as moot. *See* TEX.R.EVID. 201(b)(2)(The Texas Rules of Evidence permits courts to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

A nuisance is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities. *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 269 (Tex. 2004). It is well settled the maintenance and operation of a sanitary sewer system by a city is a governmental function. *Callaway v. City of Odessa*, 602 S.W.2d 330, 333 (Tex.App.—El Paso 1980, writ ref'd n.r.e.)(*citing City of Texarkana v. Taylor*, 490 S.W.2d 191, 192 (Tex.Civ.App.—Texarkana 1972, no writ). Further, although otherwise immune from liability for the maintenance and operation of a sewer system, a governmental unit may lose that immunity if the danger which caused the harm becomes a nuisance. *Callaway,* 602 S.W.2d at 333 (*citing City of Houston v. George*, 479 S.W.2d 257 (Tex. 1972)). Nuisance liability can only arise when governmental immunity is "clearly and unambiguously waived. . . . In some cases, a city may be held liable for a nuisance that rises to the level of a constitutional taking." *Jennings*, 142 S.W.3d at 316 [Internal citations omitted].

### *Analysis*

Appellant argues the intentional and unlawful taking of his premises without adequate compensation creates a nuisance under the Texas Constitution and established case law. Specifically, Appellant claims that by knowingly and intentionally failing to remedy or repair the public sewage system, Appellees' inactions constitute the unlawful taking of his premises, and thus, the creation of an ongoing nuisance. Appellant bolsters his argument by citing to case law discussing governmental immunity in which an independent waiver of governmental immunity has not been invoked by the plaintiffs. This is not the case here; Appellant has expressly invoked waiver of governmental immunity.

In his original petition, Appellant asserted Appellees have created a nuisance that rises to the level of a constitutional taking by:

a. Knowingly and intentionally failing and refusing to remedy or repair the public sewage system,

b. Causing the public's sewer to accumulate onto Plaintiff's Premises,

c. Rendering Plaintiff's Premises as a public sewage waste dumping ground and facility, for Defendants' public use,

d. Rendering Plaintiff's Premises unfit for habitation,

e. Thereby substantially interfering with Plaintiff's use and enjoyment of his land; and,

f. Thereby constituting an unlawful invasion of Plaintiff's rights, and the intentional and unlawful taking of Plaintiff's Premises, by Defendants, in violation of Article I, Section 17 of the Texas Constitution.

The entirety of Appellant's nuisance claim mirrors the allegations of his takings claims. Because we find Appellant has no viable takings claim to overcome Appellees' governmental immunity, it follows there also is no viable nuisance claim.

In addition to the characterization of his premises being used as a "dumping ground[,]" and as a result of the premises being uninhabitable, Appellant also complains of high school students who "hang out inside the house, drink, and do whatever else they do" to support his nuisance claim. However, Appellant is still barred by established Texas policy. An approach utilized by Texas courts to evaluate the validity of a nuisance claim has been to consider a nuisance claim "as merely meaning a term characterizing the damages done or the interest invaded, and that *negligence* is the *real* basis for the action and liability." *Callaway*, 602 S.W.2d at 333 [Emphasis added]. In the leading case of *City of Texarkana*, the court explained,

16

> Nuisance is the term for the kind of damage inflicted; negligent causation is the gravamen of the actions brought by the appellees and the basis of liability. Fundamentally, the suits seek to compel the City to respond in damages for its negligence. The conclusion cannot be escaped that negligence, not some other fault, is the causative reason alleged and proved for the respective appellees' damage and the suits must be recognized for what they are, negligence actions, and treated as such. The City's governmental immunity to such actions shields it from liability.

490 S.W.2d at 193.

Issue Three is overruled.

## B. Negligence

Last, Appellant asserts he has a viable negligence claim under the Texas Constitution and the Texas Tort Claims Act. We disagree.

### Applicable Law & Analysis

"Texas courts are committed to a legal doctrine that a municipality in Texas is immune from liability for negligence in the performance of a governmental function and that operation of a sanitary sewer system is performance of a governmental function." *City of Texarkana*, 490 S.W.2d at 193. This Court has also long recognized property owners cannot recover for a governmental entity's negligent operation or maintenance of a sewer system or the failure to cure a sewer defect. *Callaway*, 602 S.W.2d at 333.

Because the basis of Appellant's negligence claim is Appellees' operation and maintenance of the sewer system and its failure to cure the sewer defect—a governmental function immune from liability—Appellant's negligence claim fails. Like the foregoing nuisance analysis and pursuant to the conveyance agreement, it follows that Appellant's negligence claim fails because Appellees only agreed to operate and maintain the sewer mains installed within the public streets, which cannot be the basis a viable negligence claim. Issue Four is overruled.

17

**Limitations and Notice Requirement**

As additional affirmative defenses, Appellees assert that the two-year statute of limitation of Section 16.003 of the Tort Claims Act, and the 90-day (or six months with good cause) notice requirement of Section 3.28.010 of the El Paso Municipal Code, bar Appellant's claims.

Section 16.003 of the Tort Claims Act requires a person bring suit for trespass for taking not later than two years after the day the cause of action accrues. TEX.CIV.PRAC.&REM.CODE ANN. § 16.003(a). Appellant's affidavit alleges the sewage backup created a nuisance in early 2013, and Carrasco filed suit on October 10, 2016—three years later. Regarding nuisance claims, it is true that "nuisance . . . claims are governed by a two-year statute of limitations." *Yalamanchili v. Mousa*, 316 S.W.3d 33, 37 (Tex.App.—Houston [14th Dist.] 2010, pet. denied); *Bates*, 147 S.W.3d at 270 (*citing* TEX.CIV.PRAC.&REM.CODE ANN. § 16.003)("The limitations period for a private nuisance claim is two years.").

Section 3.28.010 of the El Paso Municipal Code provides the City shall not be responsible for property damages unless the claimant, "within ninety days or within six months for good cause shown from the date the damage occurred[,]" gives written notice of the specifics of the claim. TEX.CIV.PRAC.&REM.CODE ANN. § 101.101. Appellant claims sewage backup began to accumulate in 2013, and by letter dated July 6, 2016—three years later—Appellant gave written notice of his claims pursuant to Section 3.28.010 of the El Paso Municipal Code. Thus, Appellees assert Appellant's claims are barred by the two-year statute of limitation under Section 16.003 and by the notice requirement of Section 3.28.010.

Generally, compliance with notice provisions of a city's charter is a statutory prerequisite to a suit against the city and therefore a prerequisite to a trial court's jurisdiction over such a suit.

18

*City of Keller v. Hall*, 433 S.W.3d 708, 732 (Tex.App.—Fort Worth 2014, pet. denied). However, we need not reach whether Appellant's claims are barred by the limitation and notice requirements because as a threshold matter, they are barred by governmental immunity.

**CONCLUSION**

For these reasons, we affirm.

April 30, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, J., and Ferguson, Judge
Ferguson, Judge (Sitting by Assignment)