**STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION,**
Appellant

v.

**J.J. PRUITT, Appellee.**

**No. B14–88–455–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 4, 1989.

Patricia M. Charlton, Austin, for appellant.

J.J. Pruitt, Huffman, pro se.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

SEARS, Justice.

State Department of Highways and Public Transportation, (Appellant) appeals from a judgment awarding $415.65 to J.J. Pruitt, (Appellee). Appellant contends the trial court lacked jurisdiction. We reverse and render judgment for Appellant.

Appellee filed suit in Precinct No. 2, Pos. 2 Justice Court, Pasadena, Texas, for property damage to his automobile. Appellant answered and filed a Plea to the Jurisdiction, claiming sovereign immunity under the Texas Tort Claims Act. The Justice Court denied Appellant's plea and upon trial entered judgment for Appellee in the amount of $388.15. Appellant appealed the judgment to the County Civil Court at Law No. 3, Harris County, again claiming sovereign immunity. The record is unclear as to whether a trial was held; however, a judgment was entered for Appellee for $415.65.

Appellant raises three points of error on appeal. Essentially, Appellant argues that the lower court lacked jurisdiction because the Texas Tort Claims Act did not waive sovereign immunity for property damage and that Appellee failed to state a cause of action upon which relief may be granted.

The record reflects that Appellee's vehicle hit a grassed over curb which protruded onto the roadway along State Highway 146 in La Porte, Texas. Appellee sustained property damage to two wheels and two tires. The version of the Texas Tort Claims Act in effect when appellee filed suit provided in Section 3(b):

> Each unit of government in the state shall be liable for money damages for *property damage or personal injuries or death* when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment, ..., under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, or *death or personal injuries* so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state. (emphasis added).

Texas Tort Claims Act, ch. 292, § 3, 1969 TEX.GEN.LAWS 874, 875, *amended by* Act effective Sept. 1, 1983, ch. 530, sec. 1, § 3(b), 1983 TEX.GEN.LAWS 3084, 3085, *repealed by* Act effective Sept. 1, 1985, ch. 959, sec. 9, 1985 TEX.GEN.LAWS 3322, 3322 (*codified at* Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 1986)).

Appellee claimed the curb was a special defect. The trial court agreed and awarded damages. The County Court, on appeal de novo, filed findings of fact and conclusions of law and held the State owed a duty to warn of this special defect. However, in former Section 3(b) of the Texas Tort Claims Act, the state does not waive sovereign immunity as to *property damage* unless the damage is caused by the negligent act or omission of a state employee *and* arises from the operation of motor driven equipment. When a loss is caused by some condition or use of tangible property, real or personal, the state waiver of immunity applies only to personal injury or death. See *De Anda v. County of El Paso*, 581 S.W.2d 795 (Tex.Civ.App.—El Paso, 1979, no writ). No state employee negligence arising from the operation of motor driven equipment was alleged or proven; therefore, Appellant's points of error are sustained.

The judgment of the County Court at Law is reversed and judgment is rendered for Appellant.