NUMBER 13-98-236-CV

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ____________________________________________________________________ 



TEXAS DEPARTMENT OF TRANSPORTATION, Appellant, 



v.

 

STEPHEN JONES, Appellee. 

____________________________________________________________________ 



On appeal from the County Court at Law No. 4

 of Hidalgo County, Texas.

 ____________________________________________________________________ 



OPINION ON REMAND

 

Before Justices Hinojosa, Yañez, and Rodriguez

 Opinion by Justice Hinojosa

 

 This is an interlocutory appeal from the trial court's denial of a plea to the jurisdiction filed by appellant, the Texas
Department of Transportation ("TxDOT"). In a single issue, TxDOT contends the trial court erred in denying the plea. In
our original opinion of December 3, 1998, we held that because sovereign immunity could not be asserted as a
jurisdictional obstacle to a trial court's power to hear a case against a governmental defendant, TxDOT was not entitled to
bring an interlocutory appeal based on the trial court's denial of its plea to the jurisdiction, and we affirmed the judgment of
the trial court. See Texas Dept. of Transp. v. Jones, 983 S.W.2d 90 (Tex. App.--Corpus Christi 1998), rev'd, 8 S.W.3d 636
(Tex. 1999). The Texas Supreme Court reversed this Court's judgment and remanded the case to us for further review. See
Jones, 8 S.W.3d at 639. We reverse the trial court's order and remand the case to the trial court for further proceedings
consistent with this opinion. 

 On July 21, 1997, appellee, Stephen Jones, filed a complaint in small claims court against TxDOT. Jones alleged that his
windshield had been cracked by rocks thrown from the tires of a vehicle as it passed him, and that tar covered the sides of
his car. Jones also alleged the roadway on which he was traveling had recently been under construction by TxDOT. Jones
sought to recover damages from TxDOT in the amount of $272.40 and court costs of $55.00. TxDOT generally denied the
allegations and asserted sovereign immunity as an affirmative defense. On September 12, 1997, the small claims court
rendered judgment against TxDOT in the amount of $327.40. 

 TxDOT appealed the judgment to the county court at law and later filed a plea to the jurisdiction contending the county
court at law lacked jurisdiction to hear the case because, as an agent of the State, TxDOT is entitled to sovereign immunity. 
The county court at law denied TxDOT's plea, and this appeal ensued. 

 Under Texas procedure, appeals are allowed only from final orders or judgments. Jack B. Anglin Co. v. Tipps, 842 S.W.2d
266, 272 (Tex. 1992); North East Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). Unless a statute
specifically authorizes an interlocutory appeal, Texas appellate courts have jurisdiction only over final judgments. 
Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365 (Tex. 1985) (orig. proceeding); Aldridge, 400 S.W.2d at 895; City of
Mission v. Ramirez, 865 S.W.2d 579, 581 (Tex. App.--Corpus Christi 1993, no writ). Section 51.014 of the civil practice
and remedies code specifically allows the appeal of various interlocutory orders, including an order that "grants or denies a
plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(a)(8) (Vernon Supp. 2000). 

 Subject matter jurisdiction is the authority of a court to decide a case. Texas Ass'n of Bus. v. Texas Air Control Bd., 852
S.W.2d 440, 443 (Tex. 1993). A plea to the jurisdiction contests the trial court's authority to determine the subject matter
of the cause of action. State v. Benavides, 772 S.W.2d 271, 273 (Tex. App.--Corpus Christi 1989, writ denied). 

 When considering a plea to the jurisdiction, the trial court must determine the issue of subject-matter jurisdiction solely by
the allegations in the plaintiff's pleading. Texas Ass'n of Bus., 852 S.W.2d at 446; Caspary v. Corpus Christi Downtown
Management Dist., 942 S.W.2d 223, 225 (Tex. App.--Corpus Christi 1997, writ denied); Liberty Mut. Ins. Co. v. Sharp,
874 S.W.2d 736, 739 (Tex. App.--Austin 1994, writ denied). The plaintiff bears the burden of alleging facts affirmatively
showing that the trial court has subject-matter jurisdiction to hear the case. Texas Ass'n of Bus., 852 S.W.2d at 446. We
take allegations in the pleadings as true and construe them in favor of the pleader. Id. The trial court does not look at the
merits of the case. See Huston v. Fed. Deposit Ins. Corp., 663 S.W.2d 126, 129 (Tex. App.--Eastland 1983, writ ref'd
n.r.e.). Unless the face of the petition affirmatively demonstrates a lack of jurisdiction, the trial court must liberally
construe the allegations in favor of jurisdiction. Trinity Universal Ins. Co. v. Sweatt, 978 S.W.2d 267, 269 (Tex.
App.--Fort Worth 1998, no writ). If, however, the petition clearly shows that the trial court lacks subject-matter
jurisdiction, the court must dismiss the case. Texas Ass'n of Bus., 852 S.W.2d at 443. Because the question of
subject-matter jurisdiction is a legal question, we review the trial court's ruling on a plea to the jurisdiction under a de novo
standard of review. See Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 

 Sovereign immunity has two component parts -- immunity from suit and immunity from liability. Missouri Pac. R.R. v.
Brownsville Navigation Dist., 453 S.W.2d 812, 813 (Tex. 1970); Ntreh v. Univ. of Tex. at Dallas, 936 S.W.2d 649, 651
(Tex. App.--Dallas 1996), rev'd in part on other grounds, 947 S.W.2d 202 (Tex. 1997). Immunity from liability protects
the state from judgment even if the legislature has expressly consented to the suit. Federal Sign v. Texas S. Univ., 951
S.W.2d 401, 405 (Tex. 1997). Immunity from liability does not affect a court's jurisdiction to hear a case. Davis v. City of
San Antonio, 752 S.W.2d 518, 520 (Tex. 1988). In contrast, immunity from suit bars an action against the state unless the
state expressly consents to the suit. Federal Sign, 951 S.W.2d at 405. The party suing the governmental entity must
establish the state's consent, which may be alleged either by reference to a statute or to express legislative permission. See
Missouri Pac. R.R. Co., 453 S.W.2d at 813. Absent the state's consent to suit, a trial court lacks subject matter jurisdiction. 
See Federal Sign, 951 S.W.2d at 403; Duhart v. State, 601 S.W.2d 740, 741 (Tex. 1980). If a governmental entity is sued
without legislative consent, the trial court should grant the governmental entity's plea to the jurisdiction. See State v. Lain,
349 S.W.2d 579, 582 (Tex. 1961). 

 By enacting the Texas Tort Claims Act, the legislature expressly waived the State's immunity to suits by injured claimants
and consented to liability under specified circumstances. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.025
(Vernon 1997). The tort claims act constitutes a limited waiver of sovereign immunity. To invoke the trial court's
jurisdiction, it is necessary to show the Act waives the State's immunity from suit. 

 In its single issue on appeal, TxDOT contends the trial court erred in denying its plea to the jurisdiction based on sovereign
immunity because Jones's petition does not state a viable claim for relief within a waiver of immunity afforded by the
Texas Tort Claims Act. To determine the trial court's subject matter jurisdiction, we must decide whether Jones alleged a
cause of action within the limited waiver provisions of the tort claims act. 

 In his petition, Jones alleged that: 

the employees of the Dept. Of Transportation poured tar and small rocks onto Shary Road from the Expressway South.
While driving north on Shary Rd. on two separate occasions rocks from other drivers tires were hurled into my windshield
causing two separate cracks. Also tar is all over both sides of my white car and needs to be removed and detailed. 



In his brief, Jones alleges that TxDOT's poor clean-up, involving state-owned vehicles, after resurfacing patchwork, left an
unreasonable amount of debris on the road, causing his windshield to be struck by a rock thrown by another passing
vehicle. 

 Jones did not plead in his petition which exception in the tort claims act his claim falls under. Jones contends in his brief
that "if [TxDOT] had requested [him] to plead with specificity, [he] would have plead the negligent use of road crew
vehicles permitted excessive debris to be left on the road which caused [his] damages." He also cites cases in support of
his contention that "in order for the Texas Tort Claims Act waiver of sovereign immunity to apply there must be a nexus
between the injury negligently caused by a governmental employee and the operation or use of a motor driven vehicle." 

 The three general areas in which immunity has been waived are: (1) property damage, personal injury, and death caused by
an employee's use of a motor-driven vehicle; (2) personal injury and death caused by a condition or use of tangible personal
property; and (3) personal injury and death caused by a condition or use of real property. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.021 (Vernon 1997).(1) Section 101.025 waives governmental immunity "to the extent of liability created by this
chapter." See Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a) (Vernon 1997). Unless the State has accepted the potential
liability under a provision of § 101.021, it is immune from suit. Thus, the issue this Court must decide is whether Jones's
pleadings state a cause of action falling within one of the three areas in which the state has waived TxDOT's governmental
immunity. 

 Given the language of the pleadings and the clarification in his brief, Jones appears to base his assertion of waiver on the
use of TxDOT vehicles.(2) While the petition contends TxDOT has waived immunity under section 101.021(1), Jones bore
the burden of alleging facts affirmatively showing that the trial court had subject-matter jurisdiction. See Texas Ass'n of
Bus., 852 S.W.2d at 446. Jones failed to do so. Here, the damage to Jones's vehicle occurred when rocks flew from the
tires of other vehicles and hit Jones's windshield. Jones does not plead that these other vehicles were motor-driven
vehicles or motor-driven equipment used or operated by employees of TxDOT as required by § 101.021(1). See Tex. Civ.
Prac. & Rem. Code Ann. § 101.021(1) (Vernon 1997). Since there is no property damage caused by an employee's
operation or use of a motor-driven vehicle, we conclude that Jones's petition does not state a claim that falls within this
waiver of governmental immunity. 

 In his brief, Jones attempts to supplement his petition by explaining that he would have pleaded that the negligent use of
road crew vehicles created the excessive debris which caused the damage to his vehicle. To state a cause of action for
property damage caused by TxDOT vehicles, Jones must plead that the damage to his vehicle was proximately caused by
the negligence or wrongful act or omission of an officer or employee of TxDOT while acting within the scope of his
authority, and arising from the operation or use of a motor-driven vehicle or equipment. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.021(1) (Vernon 1997).(3) Jones broadly asserts in his brief that the road crew vehicles left excessive debris. 
While it is apparent that TxDOT worked on the road, Jones does not affirmatively demonstrate in his pleadings what was
done by the road crew, whether motor-driven vehicles were actually used to do the work, or how the use of the TxDOT
vehicles proximately caused the damage. Jones's pleadings fail to plead any facts which support his allegation that TxDOT
vehicles proximately caused the damage to his vehicle, thus, we cannot conclude that TxDOT waived governmental
immunity. 

 Jones asserts in his brief that section 101.022 of the tort claims act permits him to proceed against TxDOT.(4) We find no
support in his petition for this allegation. Since Jones has only alleged property damage, he is limited to pleading and
proving waiver under section 101.021(1). See Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1) (Vernon 1997). TxDOT
does not waive sovereign immunity as to property damage unless the damage is caused by the negligent act or omission of a
state employee and arises from the operation or use of motor driven equipment. Id. When a loss is caused by some
condition or use of tangible property, real or personal, the state's waiver of immunity applies only to personal injury or
death. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 1997); State Dep't of Highways & Pub. Transp. v.
Pruitt, 770 S.W.2d 638, 639 (Tex. App.--Houston [14th Dist.] 1989, no writ). 

 After reviewing the record and construing the pleadings in favor of Jones, we conclude Jones's petition affirmatively
shows this case does not fall within the Texas Tort Claims Act. Jones did not plead facts affirmatively showing that the
trial court had subject-matter jurisdiction. 

 Because governmental immunity defeats a trial court's subject-matter jurisdiction, we hold the trial court erred in denying
TxDOT's plea to the jurisdiction. Accordingly, we sustain TxDOT's sole issue. 

 We reverse the trial court's order and remand this case to the trial court for further proceedings consistent with this
opinion. 





FEDERICO G. HINOJOSA 

Justice 





Do not publish. Tex. R. App. P. 47.3. 



Opinion delivered and filed this 

the 10th day of August, 2000. 

1. Section 101.021 provides: 



 A governmental unit in the state is liable for: 

 

 (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of
an employee acting within his scope of employment if: 

 

 (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or
motor-driven equipment; and 

 

 (B) the employee would be personally liable to the claimant according to Texas law; and 

 

 (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit
would, were it a private person, be liable to the claimant according to Texas law. 



Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997).

2. Our task is to examine the pleadings, to take as true the facts pleaded, and to determine whether those facts support
jurisdiction in the trial court. Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). We construe
the pleadings in favor of the plaintiff. Id. If necessary, we may review the entire record to determine if there is jurisdiction. 
Id. We do not dismiss an action where a legitimate pleading amendment will demonstrate the court's jurisdiction. Id.

3. The Texas Tort Claims Act does not define the words "use" or "operation"; therefore, the common and ordinary
meaning should be applied. Satterfield v. Satterfield, 448 S.W.2d 456, 459 (Tex. 1969). Webster's Collegiate Dictionary
defines the word "use" as meaning "to put into action or service; the act or practice of employing something." Merriam
Webster's Collegiate Dictionary 1301 (10th ed. 1996); see also Luna v. Harlingen Consol. Indep. Sch. Dist., 821 S.W.2d
442, 445 (Tex. App.--Corpus Christi 1991, writ denied). The word "operation" is defined as meaning "performance of a
practical work or of something involving the practical application of principles or processes." Merriam Webster's
Collegiate Dictionary 815 (10th ed. 1996); see also Luna, 821 S.W.2d at 445. 

4. Section 101.022 provides: 

 

 (a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person
owes to a licensee on private property, unless the claimant pays for the use of the premises. 

 

 (b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or
obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of traffic signs,
signals, or warning devices as is required by Section 101.060. 

 

Tex. Civ. Prac. & Rem. Code Ann. § 101.022 (Vernon 1997).